Opinion of the Court.

[No. 10,342.]

## THE PEOPLE v. McKELLER.

EVIDENCE CONTRADICTING WITNESS.—A witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence if he should deny it, thereby to discredit his testimony.

SAME.—If a question is put to a witness which is collateral or irrelevant, his answer cannot be contradicted by the party who asked the question, but is conclusive against him.

APPEAL from the County Court of San Joaquin County.

The defendant was tried and convicted of the crime of burglary. He moved for a new trial, which was denied; whereupon he appealed. The other facts are stated in the opinion.

*S. L. Terry,* for the Appellant.

*Attorney-General Hamilton,* for the People.

By the COURT:

The prisoner, in order to prove that he was not present in San Joaquin County at the commission of the burglary for which the indictment proceeds, produced a witness, Richard Carolan, who testified in substance that he had seen the prisoner at the corner of Third and Mission Streets, in the city of San Francisco, on Sunday, April 22nd, 1877, between three o'clock and four o'clock P. M. It was conceded at the trial that if the prisoner was present in San Francisco at the time mentioned by the witness Carolan, it was impossible for him to have been present at the scene of the burglary. The witness Carolan, upon his cross-examination by the counsel for the people, stated that he had lived in the city of San Francisco ever since 1855, except that he had been out of the city for the space of two years, working on a ranch in Marin County. He also stated that he had testified in this cause as a witness for the prisoner at a former trial. He was then asked by the counsel for the people if he did not testify at the former trial that he had lived in Marin County *four* years, or that he had been in that county *six* or *seven* years since the year 1855, and answered

that he had not so testified. In their case in rebuttal, the People, in order to contradict the witness upon this point, were permitted by the Court, against the objections of the prisoner, to read to the jury a portion of the evidence given by the witness at a former trial, and by which it was made to appear that he had, in point of fact, testified as claimed by the counsel for the prosecution, and had stated at the former trial that he had been absent from San Francisco and in Marin County some six or seven years since the year 1855.

In permitting the prosecution to contradict the witness on this point, the Court below erred.

The witness had testified in chief that he had met the prisoner in San Francisco in the month of April, 1877. When on his cross-examination, and in answer to questions put by the prosecution, he testified that he had first gone to live in San Francisco some twenty-two years before, and that since the year 1855 he had been in the County of Marin only two years, he testified to matters merely collateral in their character, and under the well-settled rules concerning the production of evidence, the prosecution were bound by his answers.

"But it is a well-settled rule," says Mr. Greenleaf, "that a witness *cannot be cross-examined as to any fact which is collateral and irrelevant to the issue merely* for the purpose of *contradicting him* by other evidence, if he should deny it, thereby to discredit his testimony. And if a question is put to a witness which is collateral or irrelevant to the issue, his answer cannot be contradicted by the party who asked the question; but is conclusive against him." (1 Greenleaf Ev. sec. 449.)

Judgment and order denying a new trial reversed, and case remanded for a new trial.