## LANIER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 29, 1921.)

No. 3709.

1. **Larceny ⬅40(4)—Stealing goods moving in interstate commerce; diversion of shipment immaterial.**

In a prosecution for stealing from a railroad car goods moving in interstate commerce, where the evidence showed that, when stolen, the goods were still in possession of the carrier, in course of transportation from one state into another, the fact that, after reaching the state of destination, the point of destination had been changed from that alleged in the indictment to another point in the same state, *held* not to constitute a variance.

2. **Criminal law ⬅730(10)—Improper remarks of prosecuting attorney held not ground of reversal.**

Improper comment by an assistant district attorney in argument, in the fact that defendant did not take the stand, *held* not ground for reversal, where the court sustained an objection and fully instructed the jury as to defendant's privilege, and that the remark was improper and should not be considered.

In Error to the District Court of the United States for the Northern District of Texas; Robert T. Ervin, Judge.

Criminal prosecution by the United States against Roy Lanier. Judgment of conviction, and defendant brings error. Affirmed.

Jed. C. Adams and W. B. Harrell, both of Dallas, Tex., for plaintiff in error.

Henry Zweifel, U. S. Atty., and Will C. Austin, both of Fort Worth, Tex., for the United States.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Roy Lanier, with four others, was indicted in the United States District Court for the Northern District of Texas for conspiring to steal, and stealing, on January 19, 1920, in Wichita county, Tex., a quantity of iron well pipe or casing moving in interstate commerce in a car marked "Big Four, No. 35405." The indictment contained three counts. The first charged a conspiracy to steal, and alleged the stealing as the overt act. The second count charged the stealing of said pipe from said car. The third count charged that the said pipe was stolen by persons unknown; that the defendants on said January 19, 1920, unlawfully and fraudulently had said pipe in their possession with intent to fraudulently appropriate and convert to his and their own use said property so acquired, defendant knowing at the time of such reception that said pipe had been stolen.

[1] Each count alleged that the pipe constituted a part of and a shipment of interstate commerce and was in the possession of the Fort Worth & Denver Railroad Company. The second and third count charged it was consigned by the National Supply Company, of Casper, Wyo., to F. P. Williams, at Strawn, Tex. It is contended that the proof in this case failed to show that at the time of the commission of

the offense charged the property was still in interstate commerce, because of the proof that its destination had been changed from Strawn to Seymour, Tex., and therefore that the property had ceased to be an interstate shipment.

As to the interstate character of the freight, it was proved that it was shipped from Casper, Wyo., and was transported as far as Wichita Falls, Tex., en route to Strawn, Tex. It is claimed that at Wichita Falls its destination was changed to Seymour, Tex. The only evidence of such change is that a railroad report of cars on hand on January 19, 1920, was introduced, giving Seymour as the destination, then marked on the car, instead of Strawn. No direction from any person to make the change is shown. Even if it be assumed that this change of destination was properly made, this would not of itself alter the nature of the shipment. No change of consignee was shown. It was still in the possession of the Fort Worth & Denver Railroad Company, which brought it to Wichita Falls.

There is no evidence that its movement to Seymour was otherwise than as a part of the entire interstate movement; Seymour being substituted for Strawn as the destination. No delivery had been made by the interstate carrier at Wichita Falls to the consignee or to another carrier. There is no proof of any intrastate contract having been made for the movement of the freight out of Wichita Falls. It is quite evident that the original interstate shipment had not been completed when the car reached Wichita Falls, and there is no reason to doubt but that it would have continued beyond Wichita Falls had the property, being so conveyed, not been stolen or converted. The jury was well warranted in holding that the property was at the time of the commission of the alleged crime being transported in interstate commerce. Coe v. Errol, 116 U. S. 517, 6 Sup. Ct. 475, 29 L. Ed. 715; Ohio R. R. Commission v. Worthington, 225 U. S. 101, 32 Sup. Ct. 653, 56 L. Ed. 1004; Texas & N. O. R. R. Co. v. Sabine Tram Co., 227 U. S. 111, 33 Sup. Ct. 229, 57 L. Ed. 586.

There is no complaint of any error committed by the court in his charge to the jury as to the necessity of their finding that the pipe was, when stolen, a shipment of interstate commerce. The record discloses no error therein.

We think the evidence was sufficient to warrant the verdict under either of the counts, especially under the third. That Seymour may have been substituted for Strawn at Wichita Falls as the destination of this car would not alter the fact that, when shipped, the car was consigned by National Supply Company to F. P. Williams as consignee at Strawn, Tex. This was but a part of the description of the carload of pipe and was a correct description of the shipment. That subsequently Seymour was substituted as the destination would not constitute a variance between the proof offered and the indictment.

The stealing of this particular car load was shown without contradiction. The agreement of the defendant Lanier to dispose of it and to receive one-fourth of the proceeds was shown. His knowledge of the relation of the parties to the railroad and his conversation, testified to by McCauley indicating that he knew they were not the owners of

the pipe, and that it was stolen was also clearly shown. The proof clearly shows a purpose to fraudulently convert this property, then moving in interstate commerce, to the use of these parties; Lanier to have a one-fourth part or his share of the proceeds. We think the evidence fully sustains the verdict.

[2] Error is assigned, in that the District Court did not of its own motion withdraw the case from the jury on account of a remark of the assistant district attorney. After rehearsing the proof offered by the prosecution, the assistant district attorney alluded to the evidence offered by the defendant, stating it was only evidence of good character offered by witnesses, who knew nothing of the transactions charged, "and the defendant did not take the stand." At this point defendant's counsel objected to the remarks as being prejudicial, and an improper reference to the defendant's privilege, about which no one was permitted to comment or refer to. The court sustained the objection, and he and the district attorney both stopped the assistant, and the court fully instructed the jury as to the defendant's privilege, and that they should not consider said remarks for any purpose, that the failure of defendant to take the stand was not even a circumstance to be considered by the jury, and did all that could be done to cure the improper remark of said assistant district attorney. No motion for a withdrawal of the case from the jury appears to have been made, and, in our opinion, the action of the court in dealing with the situation seems to have been a proper exercise of his discretion and duty.

The evidence in the case fully warranted the verdict, and there is nothing to indicate any prejudice suffered by the defendant. Gilmore v. United States (C. C. A.) 268 Fed. 719, 721.

The judgment of the District Court is therefore affirmed.