## GAY et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. Oct. 26, 1925.)

No. 4609.

1. **Intoxicating liquors** ⟜236(6½, 20)—**Evidence held to sustain conviction for unlawful possession and transportation of intoxicating liquor.**

Evidence *held* to sustain conviction for unlawful possession and transportation of intoxicating liquor.

2. **Searches and seizures** ⟜7—**Search of garage, and seizure of liquor found therein, held not unreasonable, regardless of validity of warrant.**

Where prohibition agent saw automobile ladened with liquor drive into garage disconnected from dwelling house, search of garage on same day, and seizure of liquor found in cars therein, *held* not unreasonable, regardless of validity of search warrant.

3. **Criminal law** ⟜1166(1)—**Error cannot be predicated on unlawful entry of residence under search warrant, where no evidence was thereby obtained.**

In prosecution for possession of intoxicating liquors, error cannot be predicated on unlawful entry of house under search warrant authorizing search of garage only, where no liquor was found in house, nor any evidence therein obtained tending to connect defendants with offenses charged.

4. **Criminal law** ⟜730(10)—**Error in argument of counsel as to defendant's failure to testify held cured by instruction.**

Error in prejudicial argument of counsel, "If it is not his [defendant's] whisky, why hasn't he explained it," *held* cured by instructions to disregard.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Edward Gay and another were convicted of violations of the Prohibition Law, and they bring error. Affirmed.

John F. Dore and F. C. Reagan, both of Seattle, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error, together with Lillian Gay, were charged under an indictment in count I with the unlawful possession of 372 bottles of whisky. Count II charged that Edward Gay had theretofore been convicted of the offense of unlawful possession of intoxicating liquor. Count III charged that all the

defendants unlawfully transported in a certain described automobile 180 bottles of whisky. Count IV charged that all the defendants in another described automobile unlawfully transported 182 bottles of whisky. The defendant Lillian Gay was found not guilty on all of the counts. The other defendants were found guilty on count I; Edward Gay was found guilty on count II; Bennett was found guilty on count III; and Edward Gay was found guilty on count IV.

[1] The facts are briefly these: O'Harra, a prohibition agent, observed two automobiles driving together. In each car he saw intoxicating liquor. He got into his automobile and followed them. He saw the foremost of the automobiles drive into a garage. He pursued the other automobile, which was driven by the defendant Bennett, but lost sight of it. He returned to the garage into which the first automobile had gone, and he found that Bennett's car was in the garage. He obtained a search warrant and on the premises he apprehended the defendant Bennett, who was attempting to escape. He heard a noise in the brush of one running in a different direction. He seized 372 bottles of liquor, which were in the two cars in the garage.

The denial of Edward Gay's motion for an instructed verdict in his favor is assigned as error, and it is urged that there was no evidence to go to the jury to sustain any charge against him. There was undisputed evidence that Edward Gay was the owner of the first automobile which was driven into the garage. He was not identified, nor was any person identified as the driver of that car. It was shown by the defendant's own documentary evidence that he was the lessee of the premises on which the garage stood. A prohibition agent testified that, on entering the premises with the search warrant, he asked Lillian Gay why they were in the bootlegging business, and said, "It seems to me you would not do that," and that she said, "Mr. O'Harra, I was raised in a saloon; my father ran a saloon over in London; it is absolutely nothing to us; we don't think anything about it at all." To his question whether they were operating with the Olmstead gang, she said, "No; we are operating independent of the Olmstead gang." No objection was taken to the admission of this testimony, but the court instructed the jury that it was to be considered only in connection with the charge against Lillian Gay. We cannot agree that it constituted all the evidence to identify Edward Gay with the offense charged, or that

proof of the corpus delicti rests wholly upon Mrs. Gay's statements. That an offense was committed by some one in the use of Edward Gay's automobile is undisputed. It is also undisputed that at a time subsequent to the seizure of his automobile he approached O'Harra and made inquiry as to his right to take his car out on bond, and his right to surrender the same to avoid forfeiting the bond. He made no claim that the car was not legally subject to seizure. He also made admissions to O'Harra to the effect that at the time of the seizure he resided on the premises from which the liquors were taken. We are not convinced that the evidence was insufficient to go to the jury to connect him with the offense which was charged.

[2, 3] It is urged that the search warrant was void for misdescription of the premises to be searched. They were described as 812–814 Hillside Drive, whereas the defendants offered evidence to show that its proper description was 812–814 Thirty-Eighth Avenue North. There was undisputed evidence, however, that the unfrequented and obscure and almost uninhabited street on which the premises were situated was marked by a signpost, Hillside Drive. But we deem it immaterial whether there was a valid search warrant, for clearly, under the circumstances, no search warrant was necessary. The garage was a detached building, separated three or four feet from the residence, and unconnected therewith. The prohibition agent O'Harra had the evidence of his senses that two automobiles laden with liquor had just been driven into the garage. On the same day he entered the garage and seized the liquor which was still in the automobiles and arrested one of the defendants. The search and seizure were not unreasonable. Lambert v. United States (C. C. A.) 282 F. 413; Vachina v. United States (C. C. A.) 283 F. 35; Earl v. United States (C. C. A.) 4 F.(2d) 532; Agnello v. United States (C. C. A.) 290 F. 671, 679. Although the dwelling house was improperly entered under the search warrant, error cannot be predicated thereon, for no liquor was found in the dwelling house, nor was evidence obtained therein tending to connect any of the defendants with the commission of the offenses charged.

[4] Error is assigned to the court's refusal to take the case from the jury on the ground that counsel for the government, addressing the jury, and "turning to the defendant," said: "If that is not his whisky, why hasn't he explained it?" Timely ob-

jection was made to the remark, and a request that the jury be instructed to disregard it was complied with by the court. And later, in instructing the jury, the court again charged them not to attribute to the defendants any inference of guilt because they did not take the stand and testify, adding: "It is a privilege which the law gives that they can take the stand and testify, or they can submit it upon the testimony of the United States alone." We think the error was cured by the instructions so given, and that it was not reversible error to deny the motion to take the case from the jury and order a new trial. Eisenberg v. United States (C. C. A.) 261 F. 598; Wright v. United States, 108 F. 805, 48 C. C. A. 37; Lanier v. United States (C. C. A.) 276 F. 699; Robilio v. United States (C. C. A.) 291 F. 975, 986.

We find no error. The judgment is affirmed.