366

## CROSS et al. v. UNITED STATES.
### No. 6874.

Circuit Court of Appeals, Fifth Circuit.
Dec. 28, 1933.

Meinhard H. Myerson and Francis L. Poor, both of Jacksonville, Fla., and Ernest J. Haar, of Savannah, Ga., for appellants.

Walter W. Sheppard, U. S. Atty., and G. B. Everitt, Asst. U. S. Atty., both of Savannah, Ga.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellants were convicted on an indictment charging a conspiracy to smuggle intoxicating liquors into the United States and to facilitate the transportation of same, in violation of the customs laws; and to possess and transport the same liquor, in violation of the National Prohibition Act (27 USCA). Error is assigned to the refusal to direct a verdict of not guilty.

We may put aside consideration of that part of the indictment dealing with the National Prohibition Act. The indictment charges a conspiracy to violate the customs laws and is sufficient to support a conviction, notwithstanding the repeal of the Eighteenth Amendment. Without stopping to review the evidence in detail, it is enough to say that it tends to support the conclusion that the conspiracy charged had been formed by appellants and others and became active through the participation of appellants in the overt acts alleged, which were clearly violations of the customs laws. This assignment is without merit.

Error is assigned to remarks of counsel for the government, tending to call attention to the fact that appellant Cross had not testified. It appears that counsel immediately realized his mistake and withdrew his remarks; and that the judge at once instructed the jury as to the law. It would be stretching probability too far to say that, under the circumstances disclosed by the record, any of appellants were prejudiced. Reversible error does not appear. Wright v. U. S. (C. C. A.) 108 F. 805; Lanier v. U. S. (C. C. A.) 276 F. 699; Robilio v. U. S. (C. C. A.) 291 F. 975; Gay v. U. S. (C. C. A.) 8 F.(2d) 219. In the case of Wilson v. U. S., 149 U. S. 60, 13 S. Ct. 765, 37 L. Ed. 650, relied upon by appellants, it appears that the lower court did not properly instruct the jury after counsel had commented upon the failure of the defendant to take the stand. That case is not in point. Other errors assigned are equally without merit.

The record presents no reversible error. Affirmed.