**BROOKS v. DISTRICT OF COLUMBIA.**

No. 385.

Municipal Court of Appeals for the District of Columbia.

July 25, 1946.

Robert I. Miller, of Washington, D. C., for appellant.

Edward A. Beard, Asst. Corporation Counsel, of Washington, D. C. (Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Asst. Corporation Counsel, both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellant was charged with operating a motor vehicle during a period for which his operator's permit had been suspended. A verdict of guilty was returned by the jury, and he was sentenced to pay a fine of $100 and in default thereof to serve 60 days in jail.

The sole error discussed in appellant's brief is the refusal of the trial judge to declare a mistrial when the prosecuting attorney in the presence of the jury stated that appellant had not taken the witness stand. The circumstances surrounding the alleged error are best shown by the following transcript of the stenographic report of this part of the trial:

"The Court: Is that all the testimony?

"Mr. Miller (defense attorney): Yes, that is my case.

"The Court: Are there any formal prayers?

"Mr. King (Assistant Corporation Counsel): I am willing to submit the case.

"Mr. Miller: I want to make a few remarks.

"Mr. King: I want to make a reply.

"Mr. Miller: You cannot waive the opening and then want to come back.

"Mr. King: You should open the case. The defendant put on no evidence. He did not take the stand.

"Mr. Miller: For the statement made by counsel for the government that we put on no evidence in the case, I now ask your Honor to withdraw a juror and declare a mistrial. That is one of the most improper things I have ever heard.

"The Court: Go ahead.

"Mr. Miller: I ask your Honor, in view of what counsel said, to virtually call on the defendant to take the stand, to withdraw a juror and declare a mistrial.

"The Court: He did not call on him to take the stand.

"Mr. Miller: Will the reporter read what was said.

"The Court: He need not read it.

"Mr. Miller: We note an exception.

"The Court: You do not have to note an exception, but in protection of your client you can do it if you want to. If you object, that is all that is necessary. Go ahead, Mr. King."

Following this colloquy counsel for the District of Columbia and for the defendant argued the case, and thereupon the court charged the jury in part as follows: "The fact that this defendant has not taken the stand should not be taken against him. You should not speculate as to any reason why he did not take the stand. The law says he does not have to and the law says he does not have to prove his innocence. The Government has got to prove his guilt beyond a reasonable doubt."

Appellant argues that the statement of government counsel with reference to defendant's failure to take the stand was so prejudicial that the judgment of conviction cannot stand. The District of Columbia, which prosecuted the case, urges that the remarks of the prosecutor were not improper and that in any event their effect was cured by the subsequent instructions of the court.

■ It seems entirely clear that the prosecution is wrong in its first position. Congress, by the Act of March 16, 1878, 20 Stat. 30, 28 U.S.C.A. § 632, provided that the failure of a defendant in a criminal case to testify should not create any presumption against him. Whether or not this Act applies to prosecutions in the Municipal Court for the District of Columbia, it does set the standard by which we are guided, since we have no local statute on the subject. The Supreme Court, in the leading case under the statute, has said: "To prevent such presumption being created, comment, especially hostile comment, upon such failure must necessarily be excluded from the jury. The minds of the jurors can only remain unaffected from this circumstance by excluding all reference to it." Wilson v. United States, 149 U.S. 60, 65, 13 S.Ct. 765, 766, 37 L.Ed. 650.

We cannot but conclude, therefore, that the statement of government counsel was improper and constituted reversible error unless it was cured by the judge's charge to the jury.

■ The question of whether the error was cured by the subsequent instructions is a close one. Granting that under the decided cases the effect of such a remark by the prosecutor on the jury may in some circumstances be neutralized by the trial judge, the test in each case is the manner in which the court meets the situation. It is not a matter of dry formula. It is rather a matter of substance in which the defendant, no matter how guilty he may be, is entitled to the wholehearted and forceful protection of his rights by the court.

In Wilson v. United States, supra, the trial judge made only a mild comment when the district attorney mentioned the failure of the defendant to take the witness stand. The Supreme Court said: "By this action of the court in refusing to condemn the language of the district attorney, and to express to the jury in emphatic terms that they should not attach to the failure any importance whatever as a presumption against the defendant, the impression was left on the minds of the jury that, if he were an innocent man, he would have gone on the stand as the district attorney stated he himself would have done." The Supreme Court reversed the conviction.

In Cross v. United States, 5 Cir., 68 F. 2d 366, the court held that reversible error did not appear, but in that case, after the prosecutor had commented on the fact that the defendant had not testified, counsel immediately realized his mistake and withdrew his remarks, and the judge immediately instructed the jury as to the law. In McKnight v. United States, 6 Cir., 115 F. 972, only a passing reference was made to the failure of the defendant to testify, and the court told the jury immediately to disregard such statement, but this incident was given as one of the grounds for reversal. Other cases decided by United States circuit courts of appeal are in apparent conflict on the subject, but in general, where such comment has been held not to be prejudicial error, the trial court has immediately rebuked

the prosecutor and at once told the jury of the law on the subject.[1] In Milton v. United States, 71 App.D.C. 394, 110 F.2d 556, the United States Court of Appeals for the District of Columbia refused to reverse where the prosecutor made such a comment, but based its position largely upon the failure of defense counsel to object at the trial.

Here defense counsel objected vigorously and immediately to the comment by the prosecutor. The trial judge's only comment was "Go ahead." Defense counsel then again demanded that a mistrial be declared, but the trial judge only said again to the prosecutor "Go ahead." It was later, after counsel had argued the case, that the judge for the first time instructed the jury on the subject.

We have reached the conclusion that under all the circumstances the incident constituted such prejudicial error as calls for reversal of the judgment. By the trial judge's failure to rebuke the prosecutor immediately for his remarks and by his waiting until after argument to even mention the law on the subject, we believe that the right of the defendant to a fair trial was invaded. The case is different from those involving behavior of prosecutors not covered by statute. The law forbids any comment being made regarding the failure of the defendant in a criminal case to take the witness stand. All prosecutors are thoroughly familiar with this rule. To say that it may be violated with impunity and the violation cured by a mere routine instruction is apt, we fear, to encourage further violations. We are unwilling to give such encouragement.

Rule 17(a) of the criminal rules of the Municipal Court provides that any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded. This rule is similar in effect to the Act of Congress of February 26, 1919, 40 Stat. 1181, 28 U.S.C.A. § 391. Commenting upon the refusal of a trial judge to give a requested instruction when the defendant had not taken the witness stand, the Supreme Court in Bruno v. United States, 308 U.S. 287, 293, 60 S.Ct. 198, 200, 84 L.

Ed. 257, said: "Is the disregard of the right which Congress gave to Bruno an error, the commission of which we may disregard? We hold not. It would be idle to predetermine the scope of such a remedial provision as § 391 by anticipating the myriad varieties of rulings made in trials and attempting an abstract, inclusive definition of 'technical errors.' Suffice it to indicate, what every student of the history behind the Act of February 26, 1919, knows, that that Act was intended to prevent matters concerned with the mere etiquette of trials and with the formalities and minutiae of procedure from touching the merits of a verdict. Of a very different order of importance is the right of an accused to insist on a privilege which Congress has given him."

Reversed.

HOOD, Associate Judge (dissenting).

I am of the opinion that the prejudice created by the improper remark of government counsel was cured by the instructions given the jury.

Even in cases of first degree murder, error has been held cured by proper instructions. See Medley v. United States, App. D.C., 155 F.2d 857, certiorari denied 66 S.Ct. 1377; Jackson v. United States, 62 App.D. C. 250, 66 F.2d 280, certiorari denied 290 U.S. 626, 54 S.Ct. 73, 78 L.Ed. 545; Copeland v. United States, 55 App.D.C. 106, 2 F.2d 637, certiorari denied 266 U.S. 629, 45 S.Ct. 128, 69 L.Ed. 476. That an improper reference to the failure of an accused to take the stand is not necessarily fatal and may be cured has been held in many federal cases. E. g., Cross v. United States, 5 Cir., 68 F.2d 366; United States v. Di Carlo, 2 Cir., 64 F.2d 15; Robilio v. United States, 6 Cir., 291 F. 975, certiorari denied 263 U. S. 716, 44 S.Ct. 137, 68 L.Ed. 522; Lanier v. United States, 5 Cir., 276 F. 699; Wright v. United States, 5 Cir., 108 F. 805, certiorari denied 181 U.S. 620, 21 S.Ct. 924, 45 L.Ed. 1031. Cf. Milton v. United States, 71 App.D.C. 394, 110 F.2d 556.

In the present case the statement of government counsel was not made in argument to the jury nor was the statement directly addressed to the jury. It was made as a

[1] Contra, United States v. Di Carlo, 2 Cir., 64 F.2d 15.

part of the government's contention that defendant's counsel should make the opening argument to the jury. It did not consist of hostile comment on defendant's failure to testify. Evidently the trial judge, who was better able to appraise the situation than we are, did not feel that there was a deliberate attempt to direct the attention of the jury to defendant's failure to take the stand. Under these circumstances I am of the opinion that the error was cured by the judge's explicit direction to the jury that defendant's failure to testify should not be taken against him. While it would have been better practice for the trial court to have told the jury immediately after the statement was made that it was improper and not to be considered by them, the charge to the jury came within a fairly brief time after the statement was made, and I think it effectively served its purpose. It ought not to be assumed that the jury disregarded the express instructions and admonitions of the trial judge.

The evidence of defendant's guilt was convincing and uncontradicted; and I think the majority goes too far in holding that the remark of the government counsel, despite the judge's charge, prevented the jury from rendering a fair and impartial verdict.