THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* BONIFACIO DÍAZ RÍOS, Defendant and Appellant.

Nos. 13399, 13400 and 13402.   Argued February 17, 1949.—
Decided March 8, 1949.

César Andréu Ribas, Ernesto Juan Fonfrías and Santiago Polanco Abréu, for appellant. Vicente Géigel Polanco, Attorney General, and J. Rivera Barreras, Prosecuting Attorney, for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Bonifacio Díaz Ríos was charged in the Tribunal of the Judicial District of San Juan with the crime of murder consisting in "the unlawful killing of Justo Vega Andrades, a human being, wilfully, with malice aforethought and deliberation, by means of a loaded revolver which he fired at him, inflicting on him a wound, in consequence of which said Justo Vega Andrades died shortly thereafter." He was also charged with the offenses of carrying a weapon and of violating § 7 of Act No. 14 approved on July 8, 1936, as amended. After the trial was held, the jury brought in a verdict of murder in the second degree by virtue of which he was sentenced by the lower Court to a term of from 10 to 12 years' imprisonment in the penitentiary at hard labor. In the cases of carrying weapons and of violating Act No. 14 of July 8, 1936, submitted on the same evidence introduced at the trial for murder, he was sentenced to one month in jail and to pay a fine of $50, respectively. From the judgments rendered in the three cases the defendant has appealed to this Court.

Two errors are assigned by the appellant in support of his petition for reversal of the judgment in the case of murder: (1) that the lower court erred in overruling the motion for nonsuit presented by the defense; and (2) that it also erred in denying the motion for mistrial.

We have repeatedly held that a motion for nonsuit is waived if the defendant, after his motion has been denied,

introduces any evidence in support of his defense. *People* v. *Rivas*, 68 P.R.R. 439, 442; *People* v. *Zayas*, 65 P.R.R. 504, 506; *People* v. *Berenguer*, 59 P.R.R. 79; *People* v. *Méndez*, 39 P.R.R. 841; *People* v. *Cartagena et al.*, 37 P.R.R. 429; *People* v. *Delgado*, 30 P.R.R. 376. In the present case, the defendant, after his motion for nonsuit was overruled, established his defense with evidence which tended to show that he was at a place distant from that of the occurrence, engaged in other activities, and that he did not fire the shots, which according to the evidence for The People, caused the death of Justo Vega Andrades. That is sufficient to dismiss the first assignment of error.

■■ In the second assignment the appellant contends that the remarks of the district attorney regarding the silence of the defendant—since the defendant did not testify at the trial—greatly prejudiced the latter's rights, since the members of the jury were not in a position after said remarks were made, to impartially weigh the evidence.

The incident which gave rise to this assignment of error appears at pp. 190–192, inclusive, of the transcript of evidence, and is as follows:

"District Attorney: I am almost finishing, Your Honor. (The district attorney continues with his argument.)

Defense counsel: I object, Your Honor.

The Court: Objection sustained.

Defense counsel: We are going to request specific instructions. The attention of the district attorney has been called thrice.

The Court: The Court will give general instructions. At this time it wishes to state to the gentlemen of the jury that the defendant is not bound to state anything, he is under no obligation to testify in any manner. whatever or state the reasons he had to commit or not to commit the crime. You must consider the last statements of the district attorney as if they had not been made for the purposes of your deliberations.

District Attorney: (He continues with his argument.)

Defense counsel: Your Honor, we respectfully request the withdrawal of the jury, to raise a question of law.

The Court: The jury should withdraw.    (The jury withdraws.)

The Court: What is the question?

Defense counsel: Your Honor, we are going to respectfully request you to discharge the jury at this time since we consider that the remarks of the district attorney so justify.    Your Honor knows that it is an inalienable right established by the most elementary principles of the Constitution, that a defendant is entitled to testify or refuse to testify.    That if he fails to testify this can not be used for or against him.    The district attorney in the enthusiasm of his argument exceeded himself and went too far.

The Court: Let us get to the point.

Defense counsel: Specifically, the district attorney has stated to the twelve gentlemen of the jury that during all this proceeding the defendant, Bonifacio Díaz, has said absolutely nothing and that the fact of his having stated nothing or done anything, means that he is not innocent, that he is guilty.    Such has been the language of my colleague, the district attorney, in other words, the district attorney attempted to convey to the minds of the gentlemen of the jury the fact that in order that they should believe the defendant innocent the latter should have testified in this proceeding.    This by itself justifies the discharge of these gentlemen; this affects the rights of our client in such a form and manner that we consider that now these gentlemen of the jury, which are here, could not enter a just and impartial verdict, no matter how much esteem and great consideration counsel for the defense might have for these gentlemen of the jury whose honesty and probity we do not question.    But we consider that the remarks of the district attorney disqualify these twelve gentlemen at this time to render a just and impartial verdict.    For which reasons, we respectfully request the discharge of the jury.

The Court: The court denies the motion for discharge of the jury, which it considers as a motion for mistrial.    The court immediately sustained the objection and gave specific instructions on this point and will also give further instructions in the general instructions.

Defense counsel: We, Your Honor, for the purposes of the record, wish to take exception, we wish to state to Your Honor that we have called your attention specifically in connection with these particulars."

Although from the foregoing it does not appear which was the exact language of the district attorney, it appears that in the course of the latter's argument to the jury, counsel for the defense objected thereto and requested "specific instructions" from the judge, who at once instructed the jury to regard the remarks of the district attorney "as if they had not been made for the purpose of your deliberations," stating to them that the defendant is under no obligation to state anything or testify in any manner and that the court would give further general instructions. It was after the specific instructions requested by the defense were given, and in the absence of the jury, that the discharge of the latter was requested grounded on the conduct attributed to the district attorney. This motion was denied, the judge further stating that he had given the specific instructions requested by the defense on the question raised and that he would repeat them in his general instructions.

From the general instructions given to the jury the following appears regarding this particular:

"In criminal cases the law presumes that the defendant is innocent until the contrary is proven in a satisfactory manner and by competent evidence; and it is a rule of law that his guilt must be fully proved. This presumption of innocence accompanies the accused during the trial and the jury should keep it in mind when deliberating.

"By express provision of the law the defendant may or may not testify, at his option. It is a sacred privilege, a right which has been granted to him by law. The defendant may remain sitting there impassive and calm, without uttering a word and without executing any act and it is the duty of the district attorney to prove his guilt beyond a reasonable doubt. In this case the defendant has not testified; his failure to do so can not be considered as an incriminating circumstance, since it is the duty of the district attorney to establish his guilt beyond a reasonable doubt, disregarding such omission."

We are of the opinion that the error assigned was cured by the specific instructions promptly given to the jury by

the judge of the lower court at the request of the defense; and that with those instructions and also with the ample general instructions of the judge himself as to the defendant's right to abstain from testifying, the prejudice which might have been caused to the defendant by the remarks of the district attorney was removed. *U.S.* v. *Snyder* (1882) 14 F. 554; *Robilio* v. *U. S.* (1923, C.C.A. 6) 291 F. 975, Certiorari denied (1923) 263 U. S. 716, 68 L. ed. 522; *Milton et al.* v. *U. S.* (1940, App. D.C.) 110 F. 2d 558; *Lanier* v. *U. S.* (1921, C.C.A. 5) 276 F. 699; *Gay* v. *U. S.* (1925, C.C. A. 9) 8 F. 2d 219; *Cross et al.* v. *U. S.* (1933, C.C.A. 5) 68 F. 2d 366; 84 A.L.R. 795.[1]  In so holding we adopt the rule, considered by us the most correct in principle, and prevailing in the majority of the jurisdictions of the United States, that the error committed by comments made by the district

---

[1] The Act of Congress of March 16, 1878, 20 Stat. 30, 28 U.S.C.A., § 632, provides: "In the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of crimes, offenses, and misdemeanors, in the United States courts, Territorial courts, and courts-martial, and courts of inquiry, in any State or Territory, including the District of Columbia, the person so charged shall, at his own request but not otherwise, be a competent witness. And his failure to make such request shall not create any presumption against him."

Paragraph 3 of § 2 of our Organic Act provides: "That no person shall be held to answer for a criminal offense without due process of law; and no person for the same offense shall be twice put in jeopardy of punishment, nor shall be compelled in any criminal case to be a witness against himself." 48 U.S.C.A., § 737, p. 234.

Section 7 of our Code of Criminal Procedure provides "No person can be compelled, in a criminal action, to be a witness against himself; nor can a person charged with a public offense be subjected, before conviction, to any more restraint than is necessary for his detention to answer the charge." And subdivision 2 of § 29 provides that: ". . . if the defendant does not testify that fact can not be used against him."

See 56 Reports of American Bar Association 137 for the recommendation made in 1931, "that by law it should be permitted to the prosecution to comment to the jury on the fact that a defendant did not take the stand as a witness; and to the jury to draw the reasonable inferences." See also 31 Michigan Law Review 40 for the resolution approved by the American Law Institute, to the effect that the judge, the prosecuting attorney, and counsel for the defense may comment upon the fact that the defendant did not testify (9 Proceedings American Law Institute 202).

attorney on the silence of the defendant is cured if the trial judge promptly rebukes the prosecuting attorney for his remarks and specifically instructs the jury regarding the right of the defendant to abstain from taking the witness stand.[2] And in adopting such rule, we must overrule as to this point, the case of *People* v. *Roldán et al.*, 27 P.R.R. 719, 722, in which reference to remarks of the district attorney on the silence of the defendant this Court citing the cases of *People* v. *Morris*, 3 Cal. App. 1, 84 Pac. 464, 465 (and cases cited therein); *Wilson* v. *United States*, 149 U. S. 60; *People* v. *Brown*, 53 Cal. 66 and *Barnard* v. *State*, 48 Tex. Cr. Rep. 111, 86 S.W. 760, 122 A.S.R. 736, 2 R.C.L. 428, held: "There is almost a single uniform current for authorities that remarks like these are not only erroneous but cannot be cured by the instructions and that a new trial should be ordered by the court."

From the search we have made in connection with this question it appears, contrary to the holding in the case of *Roldán*, that the authorities are divided in this regard and that the majority rule, as we have stated, is that the error committed is cured by the prompt intervention of the court.

We shall begin by stating that in the case of *Roldán* it does not appear that the judge of the lower court, gave, as in the case at bar, specific instructions immediately after the comments of the district attorney in his address to the jury on the silence of the defendant at the trial, although we must assume that in the general instructions he included

---

[2] 84 A.L.R., pp. 784 to 802, specifically at p. 795 and following, wherein there are stated the majority as well as the minority rule in this connection, and are cited the decisions of each jurisdiction following the respective doctrines. We should note that the States of Indiana and Michigan, which appear in said annotation as following the minority rule, have adopted in subsequent decisions the rule followed by the majority of the States. We should also note that the case of *People* v. *Morris* (1906) 3 Cal. App. 1, 84 Pac. 464, commented by us in the opinion appears included among the decisions of the State of California which according to the annotation supports the majority rule. Said case follows the minority rule, but subsequent decisions of the State of California, also cited in the annotation, have followed the majority rule.

instructions in this connection. And of the cases cited in said case only that of *People* v. *Morris* supports the rule set forth therein. The cases of *Wilson* v. *United States, People* v. *Brown* and *Barnard* v. *State*, which are the other cases cited in the case of *Roldán*, does not support the holding of the latter that the error is not liable to be cured. Let us see:

In *Wilson* v. *United States, supra*, although the Supreme Court of the United States held, in reversing the judgment and granting the defendant a new trial, that the comments of the district attorney on the silence of the defendant in not taking the witness stand constituted error, the truth is that said court took into consideration the fact that upon the defendant's counsel calling the attention of the court, the latter did not condemn the language of the district attorney and failed to state to the jury that the refusal of the defendant to take the witness stand should not create any presumption against him, the Supreme Court holding, therefore, that the impression was left on the minds of the jury that if the defendant were an innocent man he would have gone on the stand for his benefit.[3]

In the case of *People* v. *Brown, supra,* the comments of the district attorney on the silence of the defendant, objected to by the defense, were permitted and approved by the trial

---

[3] In *Johnson* v. *United States*, 318 U.S. 189, 87 L. ed. 704, 711, the case of *Wilson* v. *United States* which we comment is cited to support the rule that when a defendant fails to testify, such fact should not give rise to any interferences or comments against him. However, the circumstances present in the case of *Wilson*, and the language used therein by the Supreme Court clearly show that a comment of the district attorney on the silence of the defendant does not always and by necessity carry with it the reversal of the judgment. See the scope given by the Court of Appeals of the District Court of Columbia to the *Wilson* case in *Milton et al.* v. *United States* (1940) 110 F.2d 556, 558.

*Wilson* v. *United States* appears cited in footnote 6 of the case of *Adamson* v. *California*, 91 L. ed. 1903, 1908 (332 U.S. 46), but neither in said notation nor in the case of Adamson itself, greater scope is given to the decision of the *Wilson* case than that which the latter has under the state of facts considered by the Supreme Court to reverse the judgment in said case. See annotation in 171 A.L.R. 1267.

court and such circumstance was considered upon the judgment being reversed and a new trial ordered.

And in that of *Barnard* v. *State, supra,* there were not given, immediately after the remarks of the district attorney in his argument to the jury, specific instructions regarding the defendant's right not to testify, nor were the remarks of the former rebuked.

Since the case of *Roldán* is not supported by the decisions cited therein and which served as a basis for holding in said case that improper remarks by the district attorney on the silence of the defendant are not only erroneous but can not be cured, we believe that the rule established therein should not continue prevailing in this jurisdiction and we adhere to the majority rule as we have already stated.[4]

The right of a defendant not to testify and that such circumstance shall not create any presumption against him, should not be invaded by the district attorney with unfavorable remarks or insinuation of any kind. If it were so invaded, he should receive from the judge presiding the trial the most severe and prompt rebuke for improper conduct; and the court should at once properly charge the jury, so that in the minds of the triers of fact there might remain no trace whatsoever that such remarks were made before them.

In the case at bar, we are satisfied that the judge of the lower court, even though he could have been more severe because of the remarks of the district attorney, he acted promptly and gave the jury specific instructions, which were

---

[4] Although under a different state of facts, this court, in the case of *People* v. *Estrada,* 51 P.R.R. 791, 796, held that if there was error in the remarks made by the district attorney in the sense that he reserved his right to comment on the silence of the defendant before the turn for the closing arguments (which were not made), the same was harmless and that in the absence of a petition for enlargment it was cured by the instructions given to the jury in connection with the right of the defendant not to testify. See by analogy the cases of *People* v. *Rivas,* 68 P.R.R. 439; *People* v. *Zayas,* 65 P.R.R. 504; *People* v. *Piazza,* 60 P.R.R. 561.

subsequently enlarged in the general instructions in a correct manner. We must presume that the jury are men of sense and that they followed in this case the advice of the judge on deciding upon the guilt or innocence of the defendant. *Blume* v. *State*, 56 N.E. 771, 776, 154 Ind. 343.

Since in our judgment the errors assigned are nonexistent, the judgment rendered in the case of murder should be affirmed.

█ Although the appellant filed a single brief in support of his three appeals, he does not assign any error or present any arguments in connection with the judgments in the cases of carrying weapons and of violating Act No. 14 of July 8, 1936, and consequently both judgments should be affirmed.