El Pueblo de Puerto Rico, demandante y apelado, v. Bonifacio Díaz Ríos, acusado y apelante.

Núms. 13399, 13400 y 13402.—*Sometidos:* Febrero 17, 1949. *Resueltos:* Marzo 8, 1949.

*César Andréu Ribas, Ernesto Juan Fonfrías* y *Santiago Polanco Abréu,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Negrón Fernández emitió la opinión del tribunal.

Bonifacio Díaz Ríos fué acusado ante el Tribunal del Distrito Judicial de San Juan de un delito de asesinato, consistente en haber dado "muerte ilegal al ser humano Justo Vega Andrades, voluntariamente, y con malicia premeditada y deliberación, valiéndose para ello de un revólver cargado de balas con el que le hizo disparos y le produjo una herida a consecuencia de la cual falleció el referido Justo Vega Andrades poco tiempo después." También se le acusó de un delito de portar armas y de otro por infracción al artículo 7 de la Ley núm. 14, aprobada en 8 de julio de 1936 ( (2) pág. 129), según quedó posteriormente enmendada. Celebrado el juicio, el jurado rindió veredicto declarándole culpable de asesinato en segundo grado, en virtud del cual fué sentenciado por el tribunal inferior a una pena de 10 a 12 años de presidio con trabajos forzados. En los casos de portar armas y de infracción a la Ley núm. 14 de 8 de julio de 1936, sometidos por la misma prueba presentada en el juicio por asesinato, fué sentenciado a un mes de cárcel y $50 de multa respectivamente. De las sentencias en los tres casos apeló el acusado para ante este Tribunal.

Dos son los errores señalados por el apelante en apoyo de su solicitud para que se revoque la sentencia en el caso de asesinato: 1, que la corte inferior erró al declarar sin lugar la moción de *nonsuit* presentada por la defensa; y 2, que erró también al declarar sin lugar una moción para la disolución del jurado.

█ Repetidamente hemos resuelto que se tiene por renunciada una moción de nonsuit presentada por un acusado cuando éste, luego de ser su moción declarada sin lugar, aduce prueba en apoyo de su defensa. *Pueblo v. Rivas*, 68 D.P.R. 474, 478; *Pueblo v. Zayas Ortiz*, 65 D.P.R. 538, 539; *Pueblo v. Berenguer*, 59 D.P.R. 81; *Pueblo v.*

*Méndez,* 39 D.P.R. 930; *Pueblo* v. *Cartagena,* 37 D.P.R. 457; *Pueblo* v. *Delgado,* 30 D.P.R. 407. En el caso ante nos, luego de declarada sin lugar la moción de nonsuit del acusado, éste estableció su defensa con prueba que tendió a demostrar que él se encontraba a alguna distancia del sitio del suceso, en otras actividades, y que no fué el autor de los disparos que, según la prueba de El Pueblo, produjeron la muerte de Justo Vega Andrades. Ello es suficiente para desestimar el primer señalamiento de error.

■■ Argumentando el segundo error señalado el apelante sostiene que el comentario del fiscal sobre el silencio del acusado—ya que éste no declaró en el juicio—perjudicó grandemente los derechos del mismo, toda vez que los miembros del jurado no estaban en condiciones, después de dicho comentario, de apreciar serenamente la prueba.

El incidente que motivó este señalamiento de error aparece a las págs. 190 a 192 inclusive de la transcripción de evidencia, y es el siguiente:

"Sr. Fiscal: Yo voy a terminar ya Sr. Juez. (El Fiscal continúa argumentando.)

Sr. Defensor: Objeción Sr. Juez.

La Corte: Con lugar la objeción.

Sr. Defensor: Vamos a pedir instrucciones específicas. Van tres veces que se le llama la atención.

La Corte: La corte dará las instrucciones generales. En este momento quiere decirle a los Sres. del Jurado que el acusado no tiene que decir nada, en ninguna forma tiene que testificar o decir sus razones para haber cometido o no el delito. Tengan estas palabras últimamente dichas por el Fiscal como no dichas a los fines de sus deliberaciones.

Sr. Fiscal: (Continúa argumentando).

Sr. Defensor: Sr. Juez, nosotros vamos a pedir que se retire el jurado, respetuosamente, para plantear una cuestión de derecho.

La Corte: Retírese el jurado. (El jurado se retira.)

La Corte: ¿Cuál es la cuestión?

Sr. Defensor: Señor Juez, nosotros vamos a solicitar respetuosamente de V. H. que disuelva el jurado en estos momentos por entender que las manifestaciones del Ministerio Fiscal así lo justifican.

V. H. sabe que ése es un derecho inviolable que establecen los más elementales principios de la Constitución, que todo acusado tiene o no derecho a declarar. Que si no declara eso no se puede tomar ni en beneficio ni en contra del acusado. El Ministerio Fiscal en la exaltación de su informe se ha extralimitado y ha llegado a sitios donde no ha debido llegar.

La Corte: Vamos al punto específico.

Sr. Defensor: Específicamente el Ministerio Fiscal ha dicho a los doce caballeros del jurado que en todo este proceso este acusado Bonifacio Díaz no ha dicho absolutamente nada y que el hecho de no haber dicho nada ni haber hecho nada, eso significa que él no era inocente, que él era culpable. Esas han sido las palabras del compañero Fiscal, o sea, el compañero Fiscal ha querido traer a la mente de los caballeros del Jurado que para que este cuerpo creyera que él era inocente debió haber estado hablando en este proceso. Esto de por sí justifica la disolución de estos señores; eso afecta los derechos de nuestro representado en tal forma y manera que nosotros entendemos que ahora estos señores del jurado que están aquí no podrán rendir un veredicto justo e imparcial, por alta estima y por mayor consideración que ese Consejo de Defensa pueda tener en estos caballeros del jurado, de los cuales no tenemos absolutamente duda alguna en cuanto a su honradez y su hombría de bien. Pero nosotros entendemos que esas manifestaciones del Fiscal incapacitan a estos doce caballeros en estos momentos para rendir un veredicto justo e imparcial. Por eso respetuosamente solicitamos la disolución del jurado.

La Corte: La corte declara sin lugar la moción de disolución del jurado, que entendemos que es una moción para un *mistrial*. La corte inmediatamente declaró con lugar la objeción y dió instrucciones específicas sobre ese punto y además las dará al dar las instrucciones generales.

Sr. Defensor: Nosotros, Sr. Juez, a los fines del récord, queremos anotar una excepción, queremos decirle a V. H. que le hemos llamado la atención sobre esos extremos específicamente.''

Aunque de lo antes transcrito no aparece cuáles fueron las palabras exactas del fiscal, sí aparece que en el curso de la argumentación de éste, el abogado defensor hizo objeción a la misma y solicitó ''instrucciones específicas'' del juez, quien acto seguido instruyó al jurado para que tuviera las palabras del fiscal ''como no dichas a los fines de sus de-

liberaciones", indicándoles que el acusado no tenía que decir nada o testificar en forma alguna y que la corte daría instrucciones generales adicionales. Fué luego de dadas estas instrucciones específicas solicitadas por la defensa que se pidió, en ausencia del jurado, la disolución de éste por la actitud atribuída al fiscal. Esta solicitud fué declarada sin lugar, agregando el juez que había dado las instrucciones específicas solicitadas por la defensa sobre la cuestión planteada y que las daría nuevamente en sus instrucciones generales.

Del pliego de instrucciones generales dadas al jurado aparecen las siguientes sobre este extremo:

"En los casos criminales la ley presume que el acusado es inocente hasta tanto se le pruebe lo contrario de modo satisfactorio y por evidencia competente; y es regla de ley que su culpabilidad debe ser completamente probada. Esta presunción de inocencia acompaña al acusado durante el juicio y el jurado debe tenerla presente también al deliberar.

"Por un precepto expreso de la ley el acusado puede o no declarar, según él así lo desee. Es un privilegio sagrado, un derecho que él tiene, que le da la ley. El acusado puede permanecer ahí sentado, impasible y sereno, sin proferir palabra y sin ejecutar acto alguno, y el fiscal está obligado a probar su culpabilidad fuera de toda duda razonable. En este caso el acusado no ha declarado. El hecho de no hacerlo no ha de considerarse como circunstancia que le incrimine, pues el fiscal está en la obligación de establecer su culpabilidad más allá de una duda razonable, prescindiendo de tal omisión."

Somos de opinión que el error señalado quedó subsanado por las instrucciones específicas dadas inmediatamente al jurado por el juez del tribunal inferior, a solicitud de la defensa; y que con ellas, y además con las amplias instrucciones generales del propio juez sobre el derecho del acusado de abstenerse de declarar, el posible perjuicio al acusado por el comentario del fiscal quedó desvanecido. *U. S.* v. *Snyder* (1882) 14 F. 554; *Robilio* v. *United States,* (1923, C.C.A. 6) 291 F. 975, *certiorari* denegado (1923) 263 U.S.

716, 68 L. ed. 522; *Milton et al.* v. *United States,* (1940, App. D. C.) 110 F.2d 556; *Lanier* v. *United States,* (1921, C.C.A. 5) 276 F. 699; *Gay* v. *United States,* (1925, C.C.A. 9) 8 F.2d 219; *Cross et al.* v. *United States,* (1933, C.C.A. 5) 68 F.2d 366; 84 A.L.R. 795.[1] Al así resolverlo, adoptamos, por considerarla la más correcta en principio, la regla que prevalece en la mayoría de las jurisdicciones de los Estados Unidos de que el error cometido al comentar el fiscal el silencio del acusado queda curado si oportunamente el juez recrimina las palabras del fiscal e instruye específicamente al jurado sobre el derecho del acusado a no ocupar la silla testifical.[2] Y al adoptar tal regla, precisa que revoquemos, sobre este extremo, el caso de *Pueblo* v. *Roldán et al.,* 27 D.P.R. 786, 790, en el cual, refiriéndose a comentarios del fiscal sobre el silencio del acusado, se dijo

---

[1] La ley del Congreso de marzo 16 de 1878, 20 Stat. 30, 28 U.S.C.A., Sec. 632, dispone: "En los juicios bajo acusaciones y otros procedimientos, contra personas acusadas de delitos en las cortes de Estados Unidos, cortes territoriales, cortes marciales y cortes de investigación, en cualquier estado o territorio, incluyendo el Distrito de Colombia, la persona acusada, a su propia solicitud, pero no de otra manera, podrá ser un testigo competente. Su omisión de hacer tal solicitud no creará presunción alguna en su contra."

El párrafo 3 del artículo 2 de nuestra Carta Orgánica dispone: "Ninguna persona será considerada responsable de un delito sin el debido procedimiento de ley; y ninguna persona será puesta dos veces en riesgo de ser castigada por el mismo delito, ni será obligada en ninguna causa criminal a ser testigo contra sí misma." 48 U.S.C.A., Sec. 737, pág. 234.

El artículo 7 de nuestro Código de Enjuiciamiento Criminal dispone: "A nadie podrá obligarse a declarar en contra suya, en un proceso criminal; ni a ningún acusado de delito público podrá sometérsele, antes de ser sentenciado, a mayor restricción que la necesaria para que conteste a la acusación." Y el artículo 29, inciso 2, establece que ". . . Si el acusado no declarare tal circunstancia no podrá utilizarse en su contra."

Véase 56 Reports of American Bar Association 137 para las recomendaciones hechas en 1931, de que "por ley debe permitirse al fiscal comentar ante el jurado el hecho de que el acusado no haya ocupado la silla como testigo; y que el jurado haga las inferencias razonables." Véase igualmente 31 Michigan Law Review 40, para la resolución aprobada por el American Law Institute, al efecto de que el juez, el fiscal y el abogado defensor puedan hacer comentarios sobre el hecho de que el acusado no haya declarado (9 Proceedings American Law Institute 202).

[2] 84 A.L.R., págs. 784 a 802, específicamente la pág. 795 y siguientes, en donde se exponen tanto la regla mayoritaria como la minoritaria a ese respecto

por este Tribunal, citando los casos de *People* v. *Morris,* 3 Cal. App. 1, 84 Pac. 464, 465 (y casos en él citados) ; *Wilson* v. *United States,* 149 U. S. 60; *People* v. *Brown,* 53 Cal. 66 y *Barnard* v. *State,* 48 Tex. Cr. Rep. 111, 86 S. W. 760, 122 A.S.R. 736; 2 R.C.L. 428: "Casi hay un solo criterio entre las autoridades de que las observaciones como éstas no solamente son erróneas sino que no pueden ser subsanadas por las instrucciones y que debe ordenarse un nuevo juicio por la corte."

Del estudio que hemos hecho sobre esta cuestión resulta, contrario a lo afirmado en el caso de *Roldán,* que las autoridades están divididas a ese respecto, y que la regla mayoritaria, como hemos indicado, es la de que el error cometido queda subsanado con la oportuna intervención del tribunal.

Comenzamos por consignar que en el caso de *Roldán,* no aparece que el juez del tribunal inferior trasmitiera, como en el caso de autos, instrucciones específicas inmediatamente después del comentario del fiscal en su informe al jurado sobre el silencio del acusado en el juicio, si bien debemos presumir que en sus instrucciones generales trasmitió las procedentes a ese respecto. Y de los casos en él citados tan sólo el de *People* v. *Morris,* sostiene la regla allí expuesta. Los casos de *Wilson* v. *United States; People* v *Brown* y *Barnard* v. *State,* que son los otros casos citados en el de *Roldán,* no sostienen el pronunciamiento de este último, de que el error no sea susceptible de subsanarse. Veamos:

y se citan las decisiones de cada jurisdicción siguiendo las respectivas doctrinas. Debemos anotar que los Estados de Indiana y Michigan, que aparecen en dicha monografía como siguiendo la regla minoritaria, han adoptado, en decisiones posteriores, la regla seguida por la mayoría de los Estados. También debemos anotar que el caso de *People* v. *Morris* (1906) 3 Cal. App. 1, 84 Pac. 464, que comentamos en la opinión, aparece incluído entre las decisiones del Estado de California que según la monografía sostiene la regla mayoritaria. Dicho caso sigue la regla minoritaria, pero decisiones posteriores en el Estado de California, también citadas en la monografía, han seguido la regla de la mayoría.

En el caso de *Wilson* v. *United States,* supra, el Tribunal Supremo de los Estados Unidos si bien sostuvo, al revocar la sentencia y conceder al acusado un nuevo juicio, que el comentario del fiscal sobre el silencio del acusado al no ocupar la silla de testigos constituía error, lo cierto es que dicho Tribunal tomó en consideración el hecho de que al llamar el abogado defensor la atención de la corte, ésta no recriminó las palabras del fiscal ni se dirigió al jurado en el sentido ·de que no debía crear en ellos presunción alguna el hecho de que el acusado no ocupara la silla de testigos, concluyendo por tanto el Tribunal Supremo que quedó en la mente del jurado la impresión de que si el acusado era inocente debió haber declarado en su beneficio.([3])

En el caso de *People* v. *Brown,* supra, el comentario del fiscal sobre el silencio del acusado, objetado por la defensa, fué permitido y aprobado por el tribunal sentenciador y tal circunstancia fué considerada al ser revocada la sentencia y ordenado un nuevo juicio.

Y en el de *Barnard* v. *State,* supra, no se transmitieron inmediatamente después del comentario del fiscal en su informe al jurado, instrucciones específicas sobre el derecho del acusado a no declarar, ni se recriminaron sus palabras.

No encontrando apoyo, pues, el caso de *Roldán,* en la jurisprudencia en él citada y que sirvió de base al pronun-

---

([3]) En el caso de *Johnson* v. *United States,* 318 U. S. 189, 87 L. ed. 704, 711, se cita el caso de *Wilson* v. *United States,* que comentamos, para sostener la regla de que cuando el acusado no declara, ese hecho no debe dar margen a inferencia ni comentario alguno en su contra. Sin embargo, las circunstancias presentes en el caso de *Wilson,* y el lenguaje allí usado por el Tribunal Supremo, indican claramente que un comentario del fiscal al silencio del acusado no siempre y por necesidad debe conllevar la revocación de la sentencia. Véase el alcance que del caso de *Wilson,* da la Corte de Apelaciones del Distrito de Colombia en el caso de *Milton et al.* v. *United States* (1940) 110 F.2d 556, 558.

El caso de *Wilson* v. *United States,* aparece citado en la nota 6 del caso de *Adamson* v. *California,* 91 L. ed. 1903, 1908 (332 U. S. 46) pero ni en dicha nota ni en el propio caso de *Adamson,* se da mayor alcance a la decisión del caso de *Wilson,* que la que el mismo tiene bajo las circunstancias de hecho que consideró el Tribunal Supremo para revocar la sentencia en dicho caso. Véase monografía en 171 A. L. R. 1267.

ciamiento allí hecho de que comentarios impropios del fiscal sobre el silencio del acusado no solamente son erróneos sino que no pueden ser subsanados, creemos que la regla allí enunciada no debe continuar prevaleciendo en esta jurisdicción y nos adherimos a la regla mayoritaria, según antes hemos indicado. (⁴)

El derecho de un acusado a no declarar y a que tal circunstancia no establezca presunción alguna en su contra no debe ser invadido por el ministerio público con comentarios adversos ni insinuaciones de clase alguna. Si lo fuera, debe recibir del juez que presida el juicio la más severa e inmediata recriminación por conducta impropia; y el jurado ser instruído por la corte inmediatamente en forma apropiada, de suerte que en el ánimo de los juzgadores de hecho no pueda quedar vestigio alguno de tales comentarios vertidos ante ellos.

En el caso de autos, estamos satisfechos de que el juez inferior, aun cuando pudo ser más severo ante los comentarios del fiscal, actuó prontamente y trasmitió al jurado instrucciones específicas, ampliadas luego por las instrucciones generales, en forma correcta. Debemos presumir que el jurado está constituído por hombres de buen juicio, que en este caso siguieron las advertencias del juez al decidir sobre la culpabilidad o la inocencia del acusado. *Blume* v. *State,* 56 N. E. 771, 776, 154 Ind. 343.

No existiendo a nuestro juicio ninguno de los errores señalados, *procede la confirmación de la sentencia dictada en el caso de asesinato.*

(⁴) Aunque bajo una situación de hechos distinta, este Tribunal, en el caso de *Pueblo* v. *Estrada,* 51 D. P. R. 815, 821, resolvió que de haber habido error en un comentario del fiscal en el sentido de que se reservaba el derecho de comentar el silencio del acusado, hecho antes del·turno para los informes (que no se llegaron a verificar), el mismo no fué perjudicial y que en ausencia de una solicitud de aclaración, el mismo fué subsanado por la instrucción que sobre el derecho del acusado a no declarar fué trasmitida al jurado. Véanse por analogía los casos de *Pueblo* v. *Rivas,* 68 D. P. R. 474; *Pueblo* v. *Zayás Ortiz,* 65 D. P. R. 538; *Pueblo* v. *Piazza,* 60 D. P. R. 575.

■ Aun cuando el apelante sometió un solo alegato para los tres recursos, no plantea errores ni argumenta en forma alguna con relación a las sentencias por portar armas e infracción a la Ley núm. 14 de 8 de julio de 1936, *por lo cual procede la confirmación de ambas sentencias.*