## VAN STOREY v. UNITED STATES.
### No. 989.

Municipal Court of Appeals for the District of Columbia.

Submitted Dec. 11, 1950.

Decided Dec. 20, 1950.

Robert I. Miller, Washington, D. C., for appellant.

George Morris Fay, U. S. Atty., Washington, D. C., with whom Joseph M. Howard and Martin J. McNamara, Jr., Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was found guilty of carrying a concealed weapon.[1] His sole claim of error relates to what occurred immediately after the prosecution had closed its case and the court had denied appellant's motion for directed verdict. According to the record this is what happened:

"At this point, the prosecuting attorney turned to defense counsel sitting beside him at the counsel table and asked in a low voice, 'Are you going to put the defendant on the witness stand?' The defense counsel rose to his feet and in a loud voice requested the trial Judge to withdraw a juror and declare a mistrial because the prosecuting attorney had asked of him that question, at the same time repeating that question."

The trial judge stated that he had not heard the remark of the prosecuting attorney and did not believe that the jurors heard it, but that he was sure everybody then knew what had been said because of defense counsel's announcement. The court refused to grant a mistrial but instructed the jury that appellant was not required to take the witness stand and his failure to do so should not result in any inference prejudicial to him; that appellant was presumed innocent and the burden was on the prosecution to establish his guilt beyond a reasonable doubt; and that the jury should give no consideration to the incident above referred to.

1. Code 1940, Supp. VII, § 22—3204.

■ ■ Of course the Government was prohibited from calling to the attention of the jury appellant's failure to testify,[2] but from the record it appears that it was appellant's own counsel who did this. The trial court was of the opinion that the jurors did not hear the question asked by the prosecuting attorney and would not have been aware of it except for the remarks of appellant's counsel. Even assuming that the prosecuting attorney should not have asked the question, no prejudice resulted if the jury did not hear it. Defense counsel's loud announcement brought the subject to the jury's attention and appellant cannot complain of the action of his own counsel. Furthermore, the trial court fully instructed the jury as to appellant's rights.

Affirmed.

2. Brooks v. District of Columbia, D.C.Mun.App., 48 A.2d 339.