# WILSON v. UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 1284.   Argued April 7, 1893.—Decided April 17, 1893.

The act of March 16, 1878, 20 Stat. 30, c. 37, having provided that a person charged with the commission of crime may, at his own request, be a

Statement of the Case.

competent witness on the trial, but that "his failure to make such request shall not create any presumption against him," all comment upon such failure must be excluded from the jury.

A person indicted in a District Court of the United States for using the mails to give information where obscene and lewd publications could be obtained, offered evidence, through his counsel, of his previous good character, but did not offer himself as a witness. The district attorney, in summing up, said: "I want to say to you, gentlemen of the jury, that if I am ever charged with a crime I will not stop by putting witnesses on the stand to testify to my good character, but I will go upon the stand and hold up my hand before high Heaven, and testify to my innocence of the crime." Defendant's counsel excepted to this, upon which the court said: "Yes, I suppose the counsel should not comment upon the defendant not taking the stand. While the United States court is not governed by the State's statutes, I do not know that it ought to be the subject of comments of counsel." Thereupon the assistant District Attorney said: "I did not mean to refer to it in that light, and I do not intend to refer in a single word to the fact that he did not testify in his own behalf." To which counsel for defendant again excepted. Judgment being given against the defendant, and the case being brought here by writ of error; *Held,*

(1) That the exceptions and the writ of error properly brought the matter before this court;

(2) That the judgment below should be reversed.

THE defendant below, George E. Wilson, the plaintiff in error here, is a bookseller and publisher, carrying on his business in Chicago, Illinois. He was indicted in the United States District Court for the Northern District of that State for a violation of section two of the act of Congress of September 26, 1888, 25 Stat. 496, c. 1039, amending section 3893 of the Revised Statutes, relating to the use of the mails to give information where and by what means obscene and lewd publications might be obtained, and was convicted and sentenced to imprisonment in the penitentiary of the State for two years. To reverse that judgment he brought this case to this court on writ of error.

The indictment charged, in different counts, that the defendant, by himself and another person, had deposited in the mail at Chicago, for delivery to John Hobart, at O'Fallon, Illinois, and Jack Horner, at Collinsville, Illinois, a letter and circular giving information where certain designated lewd and obscene books could be obtained. No attempt was made to show that

the letter and circular were mailed by the defendant in person, but an attempt was made to show that some other person had done the act at the instigation or request of the defendant, and that he was responsible for it. The defendant did not request to be a witness or offer himself as such, and the District Attorney of the United States, in summing up the case to the jury, commented upon the fact that he had not appeared on the stand, as follows:

"They say Wilson is a man of good character. It is a grand thing for a young man in Chicago to be the son of an honest man, because blood will tell. If the father is honest the chances are the son will be honest too. Men live all their lives to build up a good character, because it is a shield against the attack of infamy. They called two or three witnesses here who testified to this young man's character as being good, so far as they know, but I want to say to you, gentlemen of the jury, that if I am ever charged with a crime, I will not stop by putting witnesses on the stand to testify to my good character, but I will go upon the stand and hold up my hand before high Heaven and testify to my innocence of the crime."

To this language of the District Attorney the counsel for the defendant excepted, and called the court's attention to it, and the court said: "Yes, I suppose the counsel should not comment upon the defendant not taking the stand. While the United States court is not governed by the State's statutes, I do not know that it ought to be the subject of comments by counsel." To which the District Attorney replied as follows: "I did not mean to refer to it in that light, and I do not intend to refer in a single word to the fact that he did not testify in his own behalf." To which the counsel for the defendant thereupon excepted.

The act of Congress of March 16, 1878, 20 Stat. 30, c. 37, provides: "That in the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of crimes, offences and misdemeanors, in the United States courts, territorial courts, and courts-martial, and courts of inquiry, in any State or Territory, including the District of Columbia, the person so charged shall, at his own

request, but not otherwise, be a competent witness. And his failure to make such request shall not create any presumption against him."

The objections of the defendant's counsel to the language of the District Attorney in his argument to the jury, in referring to the defendant's failure to appear on the stand as a witness and testify to his innocence of the charge against him, and to the neglect of the court to forbid and condemn such reference, were embodied in a bill of exceptions, and constitute one of the grounds urged for a reversal of the judgment and the award of a new trial.

*Mr. C. Stuart Beattie,* for plaintiff in error, cited: *Austin* v. *The People,* 102 Illinois, 261; *Baker* v. *The People,* 105 Illinois, 452; *Angelo* v. *The People,* 96 Illinois, 209; *Quinn* v. *The People,* 123 Illinois, 333; *Rolfe* v. *Rumford,* 66 Maine, 564; *Thompson* v. *State,* 43 Texas, 268; *State* v. *Smith,* 75 N. C. 306; *Hoxie* v. *Home Ins. Co.,* 33 Connecticut, 471; *Brown* v. *Swineford,* 44 Wisconsin, 282; *State* v. *Lee,* 66 Missouri, 165; *State* v. *Foley,* 12 Mo. App. 431; *People* v. *Mitchell,* 62 California, 411; *Ferguson* v. *State,* 49 Indiana, 33; *Cross* v. *State,* 68 Alabama, 476; *Flint* v. *Commonwealth,* 81 Kentucky, 186.

*Mr. Assistant Attorney General Parker* for defendant in error.

The court below committed no error in relation to the comments made by the District Attorney as to the examination of a defendant in a criminal case, and such comments do not require this court to grant a new trial.

The statute provides that in the trial of indictments in the United States courts, " the person so charged shall, at his own request, but not otherwise, be a competent witness. And his failure to make such request shall not create any presumption against him."

Two things appear: (1) If the defendant does not request to be made a witness he is not competent. In this case he did

not become competent. In such a case he remains as though the statute had never been enacted ; and any comment of an attorney would have the same force as though made in a case before any legislation anywhere had given the person charged the privilege of testifying in his own behalf. (2) "His failure to make such request shall not create any presumption against him."

The general subject of the legislation permitting persons accused in criminal proceedings to testify in their own behalf is elaborately presented in the fifteenth edition of Greenleaf's Evidence (Vol. 1, pp. 467, 468, and Vol. 3, pp. 54 to 67).

It is there shown that in many States the enabling statutes provide that the circumstance of the failure of the person charged to request to be sworn shall not be commented upon by the prosecuting attorney. This is the case in Illinois, (3 Greenl. 56,) Indiana and Iowa, (Id. p. 57,) Kansas, (p. 58,) Nebraska, (p. 62,) New Hampshire and Ohio, (p. 63,) Pennsylvania (p. 65) and Virginia (p. 66). In Massachusetts the statute is substantially the same as that of the United States.

It is said (Id. p. 66) that even where the person charged is allowed to testify in his own behalf he is still carefully protected, and it is added : "And while his counsel may comment to the jury upon the fact that no inference may be drawn against him for not testifying, the prosecuting attorney may not, in rebuttal of these comments, suggest that the reason of his not testifying was his guilt ; or comment in any way upon his nonappearance, but if he does, the defendant's counsel must seasonably object and ask the judge to instruct the jury to disregard the comment. He cannot require the judge to take the case from the jury." The cases of *Commonwealth* v. *Scott*, 123 Mass. 240, and *Commonwealth* v. *Worcester*, 141 Mass. 58, are referred to in this connection.

The cases cited in the brief of counsel for plaintiff in error relate to statutes differing essentially from the national enactment, and no case is found which would require a new trial in the case at bar.

The counsel for defendant below did not ask the court to give any directions or instructions to the jury in this connection, or to inform them that the omission of the defendant should not "create any presumption against him." They "notified the court" of the exception, and the court said: "Yes, I suppose the counsel should not comment upon the defendant not taking the stand. . . . I do not know that it ought to be the subject of comments of counsel."

There is no ground given for any inference that the failure of Wilson to the request to be made a witness in the case did create "any presumption against him." The remarks made by the District Attorney, which are complained of, are not of sufficient consequence to require this court to grant a new trial.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

The act of Congress permitting the defendant in a criminal action to appear as a witness in his own behalf upon his request declares, as it will be seen, that his failure to request to be a witness in the case *shall not create any presumption against him.*

To prevent such presumption being created, comment, especially hostile comment, upon such failure must necessarily be excluded from the jury. The minds of the jurors can only remain unaffected from this circumstance by excluding all reference to it.

At common law no one accused of crime could be compelled to give evidence in a prosecution against himself, nor was he permitted to testify in his own behalf. The accused might rely upon the presumption of the law that he was innocent of the charge, and leave the government to establish his guilt in the best way it could.

This rule, while affording great protection to the accused against unfounded accusation, in many cases deprived him from explaining circumstances tending to create conclusions of his guilt which he could readily have removed if permitted

to testify. To relieve him from this embarrassment the law was passed. In mercy to him, he is by the act in question permitted upon his request to testify in his own behalf in the case. In a vast number of instances the innocence of the defendant of the charge with which he was confronted has been established.

But the act was framed with a due regard also to those who might prefer to rely upon the presumption of innocence which the law gives to every one, and not wish to be witnesses. It is not every one who can safely venture on the witness stand though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others and attempting to explain transactions of a suspicious character, and offences charged against him, will often confuse and embarrass him to such a degree as to increase rather than remove prejudices against him. It is not every one, however honest, who would, therefore, willingly be placed on the witness stand. The statute, in tenderness to the weakness of those who from the causes mentioned might refuse to ask to be a witness, particularly when they may have been in some degree compromised by their association with others, declares that the failure of the defendant in a criminal action to request to be a witness shall not create any presumption against him.

In this case this provision of the statute was plainly disregarded. When the District Attorney, referring to the fact that the defendant did not ask to be a witness, said to the jury, "I want to say to you, that if I am ever charged with crime, I will not stop by putting witnesses on the stand to testify to my good character, but I will go upon the stand and hold up my hand before high Heaven and testify to my innocence of the crime," he intimated to them as plainly as if he had said in so many words that it was a circumstance against the innocence of the defendant that he did not go on the stand and testify. Nothing could have been more effective with the jury to induce them to disregard entirely the presumption of innocence to which by the law he was entitled, and which by the statute he could not lose by a failure to offer himself as a

witness. And when counsel for defendant called the attention of the court to this language of the District Attorney it was not met by any direct prohibition or emphatic condemnation of the court, which only said : " I suppose the counsel should not comment upon the defendant not taking the stand." It should have said that the counsel is forbidden by the statute to make any comment which would create or tend to create a presumption against the defendant from his failure to testify.

Instead of stating, after mentioning that the United States court is not governed by the State's statutes, " I do not know that it ought to be the subject of comment by counsel," the court should have said that any such comment would tend necessarily to defeat the very prohibition of the statute. And the reply of the District Attorney to the mild observation of the court only intensified the fact to which he had already called the attention of the jury: " I did not mean to refer to it in that light, and I do not intend to refer in a single word to the fact that he did not testify in his own behalf," which was equivalent to saying, " You gentlemen of the jury know full well that an innocent man would have gone on the stand and have testified to his innocence, but I do not mean to refer to the fact that he did not, for it is a circumstance which you will take into consideration without it." By this action of the court in refusing to condemn the language of the District Attorney, and to express to the jury in emphatic terms that they should not attach to the failure any importance whatever as a presumption against the defendant, the impression was left on the minds of the jury that if he were an innocent man he would have gone on the stand as the District Attorney stated he himself would have done.

This language of the District Attorney, and this action, or rather want of action, of the court, are set forth in the bill of exceptions, and although exceptions are generally taken to some ruling, or want of ruling, by the court in the progress of the trial in the admission or rejection of evidence or the interpretation of instruments, yet they can be taken to its action or want of proper action upon any proceeding in the progress of the trial from its commencement to its conclusion,

and when properly presented, can be considered by the court on writ of error.

The refusal of the court to condemn the reference of the District Attorney and to prohibit any subsequent reference to the failure of the defendant to appear as a witness tended to his prejudice before the jury, and this effect should be corrected by setting the verdict aside and awarding a new trial.

Similar statutes to the one we have been considering have been passed by several States, and the rulings upon them have been substantially in accordance with our judgment in this case.

In 1866, the legislature of Massachusetts passed an act almost identical in terms with the act of Congress under consideration. It provided that "in the trial of all indictments, complaints and other proceedings against persons charged with the commission of crimes or offences, the person so charged shall, at his own request, but not otherwise, be deemed a competent witness; nor shall the neglect or refusal to testify create any presumption against the defendant." The provision has been since reënacted in substantially the same terms. Mass. Stats. 1866, c. 260; 1870, c. 393, § 1, cl. 3; Pub. Stats. 1882, p. 987, c. 169, § 18, cl. 3. And in the case of *Commonwealth* v. *Scott*, 123 Mass. 239, 240, 241, where the indictment against the defendants was for breaking and entering a house in the night time with intent to commit larceny therein, none of the defendants testified at the trial, and the prosecuting attorney, in his closing argument, commented upon this fact, when the counsel for the defendants interrupted him and asked the judge to rule that the fact that the defendants did not testify could not be commented on by the government. But the judge, having first stated the law that the fact that they did not testify did not create any presumption against them, ruled that, inasmuch as the matter had been referred to by their counsel, the prosecuting attorney had a right to comment on the reasons given for their not going upon the stand and testifying in their behalf, and also to give the reasons which the government contended really existed for their not testifying; and permitted the prosecuting attorney

to proceed in his comments. The jury having rendered a verdict of guilty, the defendants alleged exceptions, and the case went to the Supreme Judicial Court of the Commonwealth. The Chief Justice, in delivering the opinion of the court, after referring to the fact that the government had no right to interrogate a person accused of crime, or to compel him to testify, but was bound to sustain its charge by independent evidence, observed that "the statutes allowing persons charged with the commission of crimes or offences to testify in their own behalf were passed for their benefit and protection, and clearly recognize their constitutional privilege, by providing that their neglect or refusal to testify shall not create any presumption against them."

And again : " The course of the closing argument for the prosecution tended to persuade the jury that the omission of the defendants to testify implied an admission or a consciousness of the crime charged ; and the presiding judge in permitting such a course of argument, against the objection of the defendants, and in ruling that the prosecuting attorney had a right to comment on the reasons which the defendants' counsel gave for their not going upon the stand and testifying in their behalf, and also to give the reasons which the government contended really existed for their not testifying, committed an error which was manifestly prejudicial to the defendants, and which obliges this court to set aside the verdict and order a new trial."

The criminal code of Illinois, after providing that in criminal cases the accused may, on his own motion, testify in the case, declares, in a proviso, that "his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect."

In the case of *Austin* v. *The People*, 102 Illinois, 261, 264, a reference had been made to the neglect of the accused to testify, both in the opening and concluding argument for the prosecution, and the court, in setting aside the verdict of guilty which was rendered in that case, said : "When the statute says that *no presumption* against the accused shall be created

by his neglect to testify, it clearly meant that in cases where the defendant should not choose to avail himself of the privilege offered by the statute, the trial should be conducted in the same manner and upon the same presumptions as if the statute had not been passed." And again: "We do not see how this statute can be completely enforced, unless it be adopted as a rule of practice that such improper and forbidden reference by counsel for the prosecution shall be regarded good ground for a new trial in all cases where the proofs of guilt are not so clear and conclusive that the court can say affirmatively the accused could not have been harmed from that cause."

This view of the effect of the objections taken to the course of the district attorney, and to the failure of the court to properly condemn it, renders it unnecessary to consider any other alleged errors.

*The judgment must be reversed and the cause remanded with directions to award a new trial, and it is so ordered.*