**COILE v. UNITED STATES.***

No. 8761.

Circuit Court of Appeals, Fifth Circuit.

Jan. 4, 1939.

*Rehearing denied Feb. 27, 1939.

Chandler Furman, of Shreveport, La., for appellant.

Harvey G. Fields, U. S. Atty., and Malcolm E. Lafargue, Asst. U. S. Atty., both of Shreveport, La.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Thomas Slack and Marshall Coile, jointly with appellant, were indicted in ten counts for violations of the Internal Revenue laws. The two Coiles were tried together, and both were convicted. Marshall was granted a new trial, and Israel is the sole appellant.

When the case was called for trial, Slack entered a plea of guilty to counts one, three, and four, all of the defendants having previously entered a plea of not guilty to the entire indictment. A motion for a severance, which had been filed by Israel and Marshall Coile requesting that they be tried separately from Slack, was not pressed, or at least not ruled on, and the court ordered the trial to proceed. At the close of the testimony, a verdict in favor of the defendants on some of the counts was directed by the court, and Israel Coile was convicted by the jury on counts two, five, seven, eight, and nine, which dealt with the nonpayment of taxes on thirty gallons of whiskey.

The evidence was obtained under a valid search warrant, and is sufficient to support the verdict. That part of it relating to ownership and operation of the still has no bearing on this appeal, as a motion for a directed verdict in this respect was sustained by the court. We think the case was fairly tried, and deem it necessary to notice only two points among a great many raised by appellant.

Error is alleged because the court refused to confine the district attorney to the evidence covered in his opening address to the jury, in accordance with the Louisiana Code of Procedure. Appellant bases his argument on the state rule, but such rule has no application to criminal prose-

cutions in the federal courts. United States v. Thompson, 251 U.S. 407, 40 S.Ct. 289, 64 L.Ed. 333; Funk v. United States, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369, 93 A.L.R. 1136.

 Error is assigned to the ruling of the court in refusing to require Slack to testify in behalf of appellant. In the circumstances disclosed by the record, we think the ruling was correct. When Slack plead guilty and the trial proceeded without him as one of the defendants, a severance as to him took place in fact, although no express ruling or order was made by the court granting a severance. He was placed under the rule as a witness for appellant, and, in the course of the trial, was called to the stand and duly sworn as a witness. Upon being informed by the court as to his legal rights, he refused to give any testimony, on the ground that it might incriminate him. Appellant's counsel insisted upon being permitted to propound particular questions to the witness, although it was apparent that the particular questions, if competent and relevant, would be such that the witness would have the right to decline to answer on the grounds stated.

Since the witness was named as a defendant in the indictment upon which the trial was proceeding, and had only plead guilty to three of the counts therein, the court was unable to think of any relevant question to which an answer might be required, and counsel was unable to suggest any. Although the witness had plead guilty to three, there were seven other counts in the indictment pending against him, and counsel expected the witness to admit his guilt of the offenses named therein. We recognize that the right to refuse to answer is personal to the witness, who must claim it for himself as to the particular questions propounded; but when the witness is a defendant in seven counts of an indictment, on each of which issue is joined, it would seem a waste of time to continue to permit further questions when counsel tells the court that his purpose is to draw from the witness a confession of guilt. The attorney for the two Coiles evidently thought that Slack was going to take responsibility for the crime, and exonerate the Coiles, and he was surprised when Slack refused so to testify; but the witness was well within his constitutional rights, and we think the court committed no error in refusing to take up time with needless questions. Wilson v. United States, 149 U.S. 60, 13 S.Ct. 765, 37 L.Ed. 650; Wolfson v. United States, 5 Cir., 101 F. 430; United States v. Wetmore, D.C., 218 F. 227.

The judgment of the district court is affirmed.