**BRUSSART v. UNITED STATES.**
No. 11194.

United States Court of Appeals
Sixth Circuit.
Feb. 5, 1951.

Hicks, Chief Judge, dissented.

Leroy Brussart, in pro. per.

Loren Windom, Columbus, Ohio (R. J. O'Donnell, Loren G. Windom, Columbus, Ohio, on the brief), for appellee.

Before HICKS, Chief Judge and SIMONS and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The appellant appealed from an order of the district court overruling his motion to vacate and expunge from the records of the court an alleged invalid sentence imposed upon him on count 1 of an indictment under which he was sentenced. Count 1 charged the appellant with stealing and purloining property from the United States postoffice in violation of 18 U.S.C. § 313 of the Criminal Code.[1] Count 2, based on 18 U.S.C. § 320,[2] charged that in attempting to effect such robbery he put the life of a postoffice employee in jeopardy by use of a dangerous weapon. The appellant pleaded guilty to the charge laid in the first count and was tried by a jury and convicted under the second count. The sentence imposed on him was 3 years under count 1 and the 25 year mandatory sentence required by the statute under count 2, the sentences to run consecutively. The purport of the motion was that the sentence under count 1 be expunged on the ground that the offense therein charged was merged with the aggravated offense charged in count 2, and the ground thereof was that both offenses were provable by the same evidence and that neither count required proof of an additional fact and so come under the rule of Rutkowski v. United States, 6 Cir., 149 F.2d 481.

Whether the cause is controlled by the cited case we need not determine. Section 320 describes the same offense as that in § 313, but provides that in its aggravated form it calls for the imposition of a greater penalty. Costner v. United States, 4 Cir., 139 F.2d 429; Durrett v. United States, 5 Cir., 107 F.2d 438; Hewitt v. United States, 8 Cir., 110 F.2d 1; Wells v. United States, 5 Cir., 124 F.2d 334. A similar relation of sections creating the offense of bank robbery in 12 U.S.C.A. § 588(b)[3] has been held to create but a single offense with increased punishment if committed in aggravated form. Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392; Wells v. United States, supra. The analogy to the Bank Robbery Statute seems to us perfect, as it appeared to the court in Costner v. United States, supra. It therefore follows that the sentence of 25 years imposed upon the appellant under the second count of the indictment was valid, and that the 3 year sentence imposed under count 1 was invalid. Conforming to the determination made in the Costner case we hold that the court should strike from the judgment the 3 year sentence imposed under count 1 and that the time already served by the appellant should apply on the 25 year sentence.

Reversed and remanded to the district court for further proceedings in conformity herewith.

HICKS, Chief Judge, thinks the judgment should be affirmed.

1. 1948 Revised Criminal Code, 18 U.S.C. A. § 1707.

2. 1948 Revised Criminal Code, 18 U.S.C. A. § 2114.

3. 1948 Revised Criminal Code, 18 U.S.C. A. § 2113.