**NOLEN et al. v. UNITED STATES.**

No. 11311.

United States Court of Appeals, Sixth Circuit.

July 17, 1951.

John R. Lewis, Jr., Cincinnati, Ohio (John R. Lewis, Jr., Cincinnati, Ohio, on the brief), for appellants.

Joseph C. Bullock, Cincinnati, Ohio (Ray J. O'Donnell and Joseph C. Bullock, Cincinnati, Ohio, on the brief), for appellee.

Before SIMONS, ALLEN and McALLISTER, Circuit Judges.

SIMONS, Circuit Judge.

The three appellants were indicted, tried, convicted and sentenced for the violation of § 2113(d), Title 18 U.S.C., which penalizes bank robbery in its aggravated form when the accused puts the life of any person in jeopardy by the use of dangerous weapons. The appellants were represented by two competent and experienced lawyers appointed by the court; were, after conviction, permitted to appeal in forma pauperis, and their appeal was briefed and argued here by counsel appointed by this court who had the assistance of one of the lawyers who defended them at the trial.

The sole issue of fact presented to the jury at the trial was the identification of the appellants as the persons who had committed the crime. The fact of robbery, the number of robbers engaged in it, the display of guns with threats of using them, were all conceded. No witnesses appeared for the defendants and they did not themselves testify. The sole effort in their behalf was directed to the casting of doubt upon their identification by cross-examination and argument. A careful examination of the record, transcribed fully at government expense pursuant to an order of the district judge, reveals that the identification was cumulatively made as to each defendant by numerous witnesses, including four bank employees, many customers of the bank and several persons who saw the defendants enter and hurriedly leave the bank carrying brief cases. The evidence fully sustains the verdict of the jury.

Our sole reason for deciding the case with an opinion instead of by summary order of affirmance, is that the appellants, after the case had been briefed and set for hearing, desired to discharge their court-appointed counsel and make their own argument. We declined to delay the hearing on appeal, but after argument instructed the clerk to advise the appellants that the court would consider any further points the appellants desired to submit in writing, and have delayed decision for more than five weeks to permit them to do so. No further communication from them has been received. Their appeal was briefed as fully and competently as the record permitted, and counsel appointed by us was assisted by a former United

States Attorney of wide experience who had participated in the trial by appointment of the district judge.

The legal arguments submitted here were:

1. A challenge to the validity of the indictment on the ground that it is so vague and duplicitous that more than one offense is charged in but a single count.

2. That the Court had erred in not setting the verdict aside after an indirect comment by the district attorney upon the defendants' failure to testify in their own defense.

3. That it also erred in an instruction to the jury to weigh all evidence brought before it on behalf of the United States, and by failing to instruct the jury that it should weigh all of the evidence.

█ The challenge to the indictment must be rejected because it has been held by controlling authority that § 588b, 12 U.S.C.A. which, but for minor changes, is the present 18 U.S.C. § 2113 of the statute, creates but a single offense with increased punishment when committed in its aggravated form. Holiday v. Johnson, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392. Compare Brussart v. United States, 6 Cir., 1951, 186 F.2d 713.

█ The first alleged error of the court is based upon the observation of the district attorney that "No one has come here and said they are not guilty, excepting their formal plea. The evidence before you is only the evidence of the state (U. S.)." Reliance is placed upon Wilson v. United States, 149 U.S. 60, 13 S.Ct. 765, 37 L.Ed. 650. However, in Robilio v. United States, 6 Cir., 291 F. 975, we held that such argument is reversible error unless otherwise overcome, and that the rule is that it is not ground for reversal where the jury is explicitly directed to disregard it. Wilson v. United States, supra. Here such correction was asked for and made before the jury retired. The only direct comment upon the failure of the defendants to take the stand was made by their own counsel who explained to the jury that the defendants were not obliged to

testify, and that their denial of guilt was sufficiently made by their plea.

█ Finally, the contention that the court erred in directing the jury to weigh the evidence for the United States, was not error since the only evidence in the case was on behalf of the government. There was no other evidence. It was perfectly clear to the jury that the only evidence to be weighed was that submitted by the prosecution. Ross v. United States, 6 Cir., 180 F.2d 160, 166, is not apposite because there was evidence there to be considered and weighed other than that produced by government witnesses.

We find no error in the case and the judgment below is affirmed.