**UNITED STATES of America**

v.

**Edward KRECHEVSKY and Edward Bartenstein.**

**Crim. No. 11908.**

United States District Court
D. Connecticut.

April 19, 1967.

---

Jon O. Newman, U. S. Atty., David Margolis, Asst. U. S. Atty., Hartford, Conn., for plaintiff.

Samuel Tapper, Harry W. Hultgren, Jr., Hartford, Conn., for defendant Bartenstein.

Peter J. Preisner, Aaron L. Gersten, Hartford, Conn., for defendant Krechevsky.

## RULING ON MOTION FOR SEPARATE TRIAL

BLUMENFELD, District Judge.

■ The defendant Edward Krechevsky, who with Edward Bartenstein, is charged with having attempted to blackmail Thomas J. Devine of $20,000.00 between December 29 & 30, 1966, in consideration for not reporting to the proper enforcement officers of the United States that he violated the mail fraud statute (18 U.S.C. § 1341), moves for severance of the defendants and a separate trial under Rule 14, Fed.R.Crim.P.[1] The defendant Bartenstein has already been convicted of the earlier crime of violating the mail fraud statute on his plea of nolo contendere.

### I.

One ground asserted for relief is that Krechevsky will suffer prejudice in the event ·that a statement or confession made by Bartenstein is introduced at a joint trial. Although there are ways of insuring against unfortunate use of such evidence against Krechevsky by limiting instructions, see Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957), without prohibiting its use for permissible purposes against Bartenstein, it does not appear that the necessity to do so will arise. The prosecutor stated that the government has neither a statement from Bartenstein nor his confession. Thus, one element of the supposed dilemma is eliminated.

### II.

Krechevsky further contends that if Bartenstein, his co-defendant, takes the stand and testifies at the trial and

1. No claim is made that the indictment fails to meet the requirements of Rule 8(b), Fed.R.Crim.P., for failure to allege that both defendants "participated in the same act or transaction * * *." Counsel apparently recognizes that an indictment need not necessarily include phraseology explicitly stating that named defendants performed acts together, if that meaning can reasonably be extrapolated from the words of the indictment, Humphries v. United States, 310 F.2d 377 (8th Cir. 1962), and a bill of particulars would corroborate such a reading of it.

Krechevsky fails to do so, Bartenstein's counsel may thereafter argue to the jury that Krechevsky's failure to testify may be taken into account by the jury in assessing the proof—or lack of producible proof—presented against Bartenstein. Building on the possibility that *both* events will occur when the trial is held, Krechevsky claims that such comment by Bartenstein's lawyer would violate Krechevsky's fifth amendment right against self-incrimination. Unless this remaining problem posed by the defendant Krechevsky can be overcome, joint trials would be prevented whenever there is a representation to the court that one co-defendant does not expect to take the stand but that his co-defendant does. He relies upon United States v. Gleason, 259 F.Supp. 282 (S.D.N.Y. 1966),[2] and De Luna v. United States, 308 F.2d 140, 1 A.L.R.3d 969 (5th Cir. 1962), rehearing denied, 324 F.2d 375 (1963), to support his motion.

In reversing De Luna's conviction and remanding the case against him, the court stressed the settled rule that he had a constitutionally guaranteed right to remain silent, free of comment, even by a co-defendant's attorney. Although Circuit Judge Griffin B. Bell, in his concurring opinion, disagreed (308 F.2d at 155), the majority also stated that the "[co-defendant's] right to confrontation allows him to invoke every inference from De Luna's absence from the stand." (at 143). The decisiveness of this holding was emphasized in the denial of a petition for rehearing. 324 F.2d 375, 376. "The co-defendant's right to comment is not tangential but is an essential, if complicating, element in the problem." And, in confronting the procedural difficulties—like those presented by the present motion—the court continued: "The inconvenience of a severance and the possibility of a mistrial if there should be a joint trial of co-defendants do not tip the scales for the Government when an accused's right to silence is in the balance." (at 376).

■ That there is difficulty in adjusting the relationship between the right to comment and the right against self-incrimination cannot be denied. In federal courts, a defendant's use of a fifth amendment privilege against self-incrimination in refusing to testify may not be made the subject of an adverse comment, Wilson v. United States, 149 U.S. 60, 13 S.Ct. 765, 37 L.Ed. 650 (1893); Stewart v. United States, 366 U.S. 1, 81 S.Ct. 941, 6 L.Ed.2d 84 (1961), even by a co-defendant. See Rhone v. United States, 125 U.S.App.D.C. 47, 365 F.2d 980, 981 (D.C. Cir. 1966) (dictum); United States v. Echeles, 352 F.2d 892, 898 (7th Cir. 1965). Cf. Cooper v. United States, 119 U.S.App.D.C. 142, 337 F.2d 538 (D.C. Cir. 1964) (semble), cert. denied, 382 U.S. 1029, 86 S.Ct. 653, 15 L.Ed. 2d 542 (1966).

■■ Since a jury is entitled to consider lack of evidence as well as the evidence introduced in reaching its determination, counsel for an accused defendant who testifies or presents other evidence has the right to make fair comment upon the fact that his testimony or evidence has not been denied or contradicted. But this does not go so far as the more specific comment that because the government has failed to produce the testimony of a co-defendant the jury may infer that such testimony would have been *adverse* to the government's claim against the defendant.

2. United States v. Gleason dealt with another side of the problem. There, one joint defendant sought a position which would permit her to comment on the failure of her joint defendant to testify. Recognizing that neither she, United States v. Housing Foundation of America, 176 F.2d 665 (3d Cir. 1949), nor the government could comment on the failure of her co-defendant in a joint trial to testify, she moved for a severance under Rule 14, representing that her co-defendant had in the past made written and oral statements tending to exculpate her. Recognizing some likelihood that the co-defendant would testify—or lose his privilege if tried first—Judge Frankel granted the motion. The distinction from this case is readily noticeable.

There is one very sharp difference between the exercise of the privilege by a witness—whether co-defendant or not—and the failure of a party to call him. The only common element is that the witness does not testify. But he is not under the control of either party.[3] Neither party is entitled to have his testimony. There can be no "failure" to call a witness who can rightfully refuse to testify. Indeed, it is error for the prosecution to call a witness to the stand, knowing that he will claim the privilege. United States v. Maloney, 262 F.2d 535 (2d Cir. 1959); see United States v. Edwards, 366 F.2d 853, 870 (2d Cir. 1966) (dictum). Cf. United States v. 5 Cases, 179 F.2d 519 (2d Cir.), cert. denied, 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372 (1950). When the government sought to justify such a tactic on the ground that it was necessary to forestall an argument by the accused that the failure to call such a witness indicated that he would not support the government's case, Judge Learned Hand answered that at that stage: "[T]he prosecution should be free to disclose the fact that it had reason to suppose that the witness would refuse." United States v. Maloney, supra, 262 F.2d at 537.

The reasons which support the permissibility of comment on the failure to call a witness, and not on the exercise of the privilege by the witness, although valid in each instance, are different. And the inferences are different. Where a witness is not called, the inference is that his testimony would be unfavorable to the party failing to call him. Where a witness invokes the privilege, "[s]uch refusals have been uniformly held not to be a permissible basis for inferring what would have been the answer, although logically they are very persuasive." United States v. Maloney, supra at 537. It requires a kind of experimental mind-reading of imagined thoughts in the mind of a co-defendant to support an argument that he would testify that he alone committed the crime for which he is being tried.[4] The reason comment, which always calls for an inference that the answer would be incriminating is forbidden, is to prevent the trier from using the inferred incriminating answer, not only against the witness, but also against the other party.

Faced with the problem of effectively protecting the competing interests of joint defendants, other decisions which have confronted the problem do not demand so radical a solution as a

---

3. This circuit does not adhere to the rule followed in some jurisdictions, § 289 Wigmore, that no inference can be drawn against a party for failure to call a witness equally available to both sides, United States v. Beekman, 155 F.2d 580, 584 (2d Cir. 1946), for " * * * if it appear that he would naturally side with one party, it is reasonable to expect that he does not use him for good reason; and that is fair argument for the other." United States v. Cotter, 60 F.2d 689, 692 (2d Cir.), cert. denied, 287 U.S. 666, 53 S.Ct. 291, 77 L.Ed. 575 (1932).

4. To put its ruling into perspective, the court set forth what was said from the record of the trial (De Luna):
"Well, at least one man [Gomez] was honest enough and had courage enough to take the stand and subject himself to cross examination and tell you the whole story * * *. You haven't heard a word from [De Luna]." (308 F.2d at 143).

It is obvious that the whole complex of epistomological problems was thrust on the notice of the jury. One might ask precisely what that statement amounted to objectively. Concern with Gomez being right-minded is an illusory substitute for an inference that DeLuna would have admitted that he tossed a package of narcot'cs to Gomez and told him to throw it out the window, an incident which the police neither saw nor heard, after the police had testified only that they saw Gomez throw the package. Unfortunately, the comment presented an inherent contradiction between those standards by which a verdict should be reached and those which were felt to dominate the jury. Undoubtedly, during that trial, a "head-on collision between the two defendants" (308 F.2d at 154) was permitted to develop. But the issue was the guilt or innocence of each, and not their comparative iniquity.

severance. It has been repeatedly held in this circuit that if, perchance, comment of counsel should improperly trespass on the privilege of a witness to remain silent on fifth amendment grounds, prompt admonition, followed by instructions to the jury, as, for example, by Judge Hincks in United States v. 5 Cases, supra, 179 F.2d at 524, that the witness' "reluctance to incriminate himself may not be used to incriminate others * * * The situation, then, is just as though [the reluctant witness] had never been called," would amply serve to eradicate any possible taint to the fairness of the trial. United States v. DiCarlo, 64 F.2d 15, 17 (2d Cir. 1933); United States v. De Vasto, 52 F.2d 26, 30, 78 A.L.R. 336 (2d Cir.), cert. denied, 284 U.S. 678, 52 S.Ct. 138, 76 L.Ed. 573 (1931); see United States v. Edwards, supra, 366 F.2d at 871; United States v. Houlihan, 332 F.2d 8, 15 (2d Cir.), cert. denied, 379 U.S. 828, 85 S.Ct. 56, 13 L.Ed.2d 37, sub nom. Legere v. United States, 379 U.S. 859, 85 S.Ct. 115, 13 L.Ed.2d 61 (1964); United States v. Stromberg, 268 F.2d 256, 271 (2d Cir.), cert. denied sub nom. Mirra v. United States, 361 U.S. 863, 80 S.Ct. 124, 4 L.Ed.2d 102 (1959). Cf. United States v. Kahn, 366 F.2d 259, 263 (2d Cir.), cert. denied, 385 U.S. 948, 87 S.Ct. 321, 17 L.Ed.2d 226 (1966); United States v. Agueci, 310 F.2d 817, 830–831 (2d Cir. 1962), cert. denied, 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed.2d 11 (1963). A fair trial does not require a separate trial for each and every defendant jointly accused. Cf. United States v. Bentvena, 319 F.2d 916, 930–931 (2d Cir.), cert. denied sub nom. Mirra v. United States, 375 U.S. 940, 84 S.Ct. 360, 11 L.Ed.2d 272, aff'd after remand, 357 F.2d 58 (2d Cir. 1966). Even where prejudicial evidence is admitted the effectiveness of a limiting instruction to the jury insuring against unfortunate uses without prohibiting its use for permissible purposes does not present a question of constitutional significance. The balance has been struck in favor of joint trials in the administration of criminal justice. See Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).[5] Nor is there any basis for arguing that, because what is claimed to be evidence derives its prejudicial character from a constitutional violation, any different measure of protection against possible harmful uses of it by a jury is required. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The fact that contrary views have been expressed by Courts of Appeals for other circuits, see United States v. Echeles, supra, 352 F.2d 892, would not authorize me to reject the reasoning of my own Court of Appeals. McComb v. Frank Scerbo & Sons, Inc., 80 F.Supp. 457, 460 (S.D.N.Y.1948), aff'd, 177 F.2d 137 (2d Cir. 1949); Southern N. E. Distrib. Corp. v. Berkeley Fin. Corp., 30 F.R.D. 43, 49 (D.Conn. 1962). If it were open to me, I would not decide otherwise, for separate trials of Bartenstein and Krechevsky are not necessary to preserve a fair trial for each of them.

The motion is denied.

5. "To say the United States Constitution is infringed simply because this type of evidence may be prejudicial and limiting instructions inadequate to vitiate prejudicial effects, would make inroads into this entire complex code of state criminal evidentiary law, and would threaten other large areas of trial jurisprudence. For example, all joint trials, whether of several codefendants or of one defendant charged with multiple offenses, furnish inherent opportunities for unfairness when evidence submitted as to one crime (on which there may be an acquittal) may influence the jury as to a totally different charge. See Delli Paoli v. United States, 352 U.S. 232 [77 S.Ct. 294, 1 L.Ed.2d 278] [1957]; cf. Opper v. United States, 348 U.S. 84 [, 75 S.Ct. 158, 99 L.Ed. 101] [1954]; Krulewitch v. United States, 336 U.S. 440 [69 S.Ct. 716, 93 L.Ed. 790] [1949]. This type of prejudicial effect is acknowledged to inhere in criminal practice, but it is justified on the grounds that (1) the jury is expected to follow instructions in limiting this evidence to its proper function, and (2) the convenience of trying different crimes against the same person, and connected crimes against different defendants, in the same trial is a valid governmental interest." (385 U.S. at 562, 87 S.Ct. at 653).