Charles R. MANAGO, Appellant,

v.

UNITED STATES, Appellee.

No. 8139.

District of Columbia Court of Appeals.

Argued Oct. 16, 1974.

Decided Jan. 20, 1975.

Noel H. Thompson, Arlington, Va., appointed by this court, for appellant.

Donald A. Couvillon, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Martin J. Linsky, Asst.

U. S. Attys., were on the brief, for appellee.

Before GALLAGHER, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

On November 14, 1973, appellant was found by a jury to be guilty of burglary in the second degree.[1] From a denial of his motion for acquittal, appellant appeals alleging that there was insufficient evidence to support his conviction, that reversible error was committed when the complaining witness was asked at trial about the extent of his insurance coverage, and that the prosecutor impermissibly commented upon the appellant's failure to take the stand.

The facts of this case show that on June 29, 1973, at about 4 a. m., Officers William H. Goode and Ronald Smith were responding to a call that the Mosby Jewelry Store, 1421 U Street, Northwest, was being robbed. Upon arriving at the scene, they apprehended appellant running across the floor of an adjoining vacant building. After arrest, appellant was searched and found to have several rings in the right front pocket of his pants. In the vacant building, the officers also found another man, the codefendant at trial, lying on top of a brown coat upon which were various items of jewelry as well as some tools.

The owner of the jewelry store identified all the jewelry which had been recovered from appellant, the codefendant, and the vacant building as jewelry from his store, all of it being marked or tagged in some way.

To support his contention as to the insufficiency of the evidence upon which the jury could reach its guilty verdict, appellant emphasizes that he was never seen inside the jewelry store itself and that there was no showing that the jewelry found on

him actually was stolen that evening. In addition, he argues that there was no basis for any inference that he and his codefendant were acting together.

■ While it is true that appellant was never seen in the store, he was seen as he was hastily running from the window in the vacant building through which the burglars had gained access to the jewelry store. Furthermore, any remaining doubt as to the appellant's purpose in being on the premises was certainly erased by his actual possession of several pieces of jewelry, all of which were identified as having been taken from the store. As for appellant's assertion that the evidence did not show that he was acting in concert with his codefendant, we conclude the evidence does show a common purpose, and further that there was ample evidence against him alone. Coupled with appellant's presence next door to the scene of the burglary were his flight, his path of escape, the presence of concealed stolen goods on his person, and the fact of an actual breaking and entering. Forsyth v. United States, D.C.App., 318 A.2d 292 (1974).

■ In deciding whether the evidence was sufficient, we must make full allowance for the right of the trier of fact to determine credibility, weigh the evidence, and draw justifiable inferences of fact, and "we will not reverse a conviction on the facts as long as there is evidence which reasonably permits a finding of guilt."[2] Here there was clearly ample evidence for a reasonable person to conclude beyond a reasonable doubt that the appellant was guilty of burglary.

■■ Appellant's second claim of error is that introduction of evidence at trial that the store owner did not have insurance was reversible error. Appellant in his argument offers only civil cases to substantiate his claim of undue prejudice.

---

1. D.C.Code 1973, § 22–1801(b).

2. Patterson v. United States, D.C.App., 301 A.2d 67, 70 (1973); Kenhan v. United States, D.C.App., 263 A.2d 253, 254 (1970).

The general rule of law is that a policy of liability insurance is not relevant as evidence of negligence in a civil action. McCormick, Evidence § 201 (2d ed. 1972). However, there is no automatic rule as to exclusion of such evidence in a criminal proceeding. Instead, it must be judged, as is any other evidence, on the basis of its relevancy to the issues in question. In the instant case, the trial court ruled that the evidence was not relevant and should be stricken from the record. The court also gave a cautionary instruction to the jury immediately afterwards.[3] This was ample protection from the hazard of impermissibly influencing the jury. Hence, we rule that the question and answer did not constitute such plain error as to require reversal.

Appellant's final claim of error is that the prosecutor improperly commented upon his failure to testify. Appellant assigns as reversible error the statement made to the jury by the prosecutor in his rebuttal argument: "Let's look at the evidence. All of the evidence came from the government. Every single bit of it."

■ A prosecutor's direct comment on a defendant's failure to take the stand will constitute plain error and require reversal. Griffin v. California, 380 U.S. 609, 613–15, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *see also* Chapman v. California, 386 U.S. 18, 22–24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Such comments will not be condoned by this court. In the instant case, however, the comment did not mention appellant and was more in the nature of a passing reference to the fact that the evidence was uncontroverted. Prior to these rebuttal remarks defense counsel had already reminded the jury that the appellant did not testify. At one point he said: "Now, of course, we didn't make any opening re-

marks. We didn't put on any testimony . . . ." Shortly thereafter he added, "Now some of you may question why Mr. Manago didn't testify, why there is [*sic*] no witnesses on his behalf. That is very simple because Mr. Manago, as the Court will instruct you, has exercised his right to remain silent, challenged the government to prove his guilt beyond a reasonable doubt."

In the *Griffin* case, *supra,* relied on by appellant, the prosecutor detailed the relevant facts within the knowledge of the defendant adding pointedly that the defendant had not seen fit to take the stand to explain or deny. 380 U.S. at 611, 85 S.Ct. 1229.

In the *Chapman* case, *supra,* the prosecutor had taken full advantage of his right under the state constitution to comment upon the defendants' failure to testify, making references as to the inference of their guilt resulting therefrom. 386 U.S. at 19, 87 S.Ct. 824. Since the error was not demonstrated to have been harmless beyond a reasonable doubt, the judgment was reversed and remanded.

In Wilson v. United States, 149 U.S. 60, 13 S.Ct. 765, 37 L.Ed. 650 (1893), the Court held it was error for the trial court not to have condemned the prosecutor for arguing: "[I]f I am ever charged with a crime . . . I will go upon the stand, and hold up my hand before high heaven, and testify to my innocence of the crime", and for neglecting to give a cautionary instruction. 149 U.S. at 62, 13 S.Ct. at 766.

■ Considering the remark in the instant case, we cannot say that it substantially removed the presumption of innocence. The defendant did not object to it at trial and the defense counsel explained to the jury defendant's constitutional right

---

3. The court instructed the jury as follows: Ladies and gentlemen of the jury panel, there was mentioned, a question and answer as to whether or not this witness had any insurance. The witness answered that question. Now, you are directed to ignore both the answer and the question in this case. You are to ignore the question and answer in your deliberations, just as if you had not heard the question and answer. . . .

to remain silent, as did the court as well. Although bordering on the impermissible, the comment, in context, was not per se prejudicial. *See* State v. Rouse, 206 S.E. 2d 873 (S.C.1974); State v. Bickham, 239 La. 1094, 121 So.2d 207, 213 (1960). *See also* United States v. Goodwin, 470 F.2d 893 (5th Cir. 1972), cert. denied, 411 U.S. 969, 93 S.Ct. 2160, 36 L.Ed.2d 691 (1973). We must conclude that if any error was committed, it did not rise to the plateau of plain error and is not cause for reversal.

There being no error requiring reversal the judgment appealed from is

Affirmed.