**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard A. WHITTINGTON, Richard
Wolfe, and W. Lewis DeMoss, Jr.,
Defendants-Appellants.**

**No. 84–4813.**

United States Court of Appeals,
Fifth Circuit.

April 2, 1986.

Bobby D. Sutton, Shreveport, La., for Whittington.

Richard Wolfe, pro se.

James J. O'Connor, McNulty, O'Connor, Stakelum & Anderson, New Orleans, La., for Wolfe.

W. Lewis DeMoss, Jr., pro se.

Joseph S. Cage, Jr., Asst. U.S. Atty., Wellborn Jack, Jr., (Court-appointed), Shreveport, La., for W. Lewis DeMoss, Jr.

D.H. Perkins, Jr., Asst. U.S. Atty., Shreveport, La., for U.S.

Before RUBIN, RANDALL and WILLIAMS, Circuit Judges.

ON PETITIONS FOR REHEARING

(Opinion February 27, 1986, 5th
Cir.1986, 783 F.2d 1210)

ALVIN B. RUBIN, Circuit Judge:

We affirmed the conviction of three defendants for submitting a false claim for benefits under the Dairy Production Stabilization Act of 1983.[1] Defendants Whitting-

---

1. *United States v. Whittington,* 783 F.2d 1210   (5th Cir.1986).

ton, Wolfe, and DeMoss have filed this petition for rehearing contending that we improperly sustained the district court's ruling which permitted two defense witnesses, who allegedly possess exculpatory testimony essential to the defense, to invoke the fifth amendment. For the reasons set out below, we deny the petition.

The defendants subpoenaed Murray Lynn, a bank vice president, and Johnny Terrell, a bookkeeper, to testify for the defense. Each had previously given federal investigators similar statements that supported the defendants' version of events. Terrell had repeated these statements to a grand jury and had been indicted for perjury; Lynn was under investigation for obstruction of justice for giving false information in his statement to government agents. At trial both men asserted the fifth amendment. Because Terrell had been indicted for perjury after testifying about the same matters, the district court sustained his invocation of the privilege. The district court held an *in camera* hearing on Lynn's entitlement to fifth amendment protection. At the hearing Lynn testified that the United States attorney was investigating him to determine whether he had obstructed justice and that he feared he would be indicted for perjury if he testified at trial in accordance with his statement to the federal agents. The district judge upheld Lynn's assertion of the privilege.

In our panel opinion, we stated:

A witness may not claim the privilege of the fifth amendment out of fear that he will be prosecuted for perjury for what he is about to say. The shield against self-incrimination in such a situation is to testify truthfully, not to refuse to testify on the basis that the witness may be prosecuted for a lie not yet told. A witness may, however, claim the privilege if his testimony may suggest that he has already committed a crime, for example, perjury in a prior proceeding.[2]

The defendants agree with this statement of principle, but contend that we misapplied it to the facts of the case. They argue that the fifth amendment privilege can never be invoked out of fear of perjury if the witness plans to testify *in conformity* with his prior testimony or statements to government agents, regardless of the truth or falsity of the earlier testimony (statements). The defendants summarize their argument thus: if the witness' prior statement is false and the witness intends to testify consistently (that is, lie) at trial, the privilege cannot be raised because a "witness may not claim the privilege of the fifth amendment out of fear that he will be prosecuted for perjury for what he is about to say;" if the witness' prior statement is true and the witness intends to testify consistently at trial, the fifth amendment may not be invoked because there would be no tendency to incriminate since the prior statement would not have constituted obstruction of justice, and the trial testimony would not be perjurious. Because we cannot accept such a categorical characterization of the limitations of the fifth amendment, we deny the petition.

The defendants' argument fails to consider that all testimony cannot be pigeonholed as "true" or "untrue," "consistent" or "inconsistent." Questions may be framed differently, memories may fade, recollections may be imprecise, and the implications conveyed in the testimony may contradict a witness' prior statements. This understanding is implicit in the test constructed by the Supreme Court for determining whether a witness has properly invoked the fifth amendment privilege: whether the answers might "furnis[h] a link in the chain of evidence needed in a prosecution ..."[3] or whether the witness has "reasonable cause to apprehend danger from a direct answer."[4] To be privileged, testimony need not be certain to result in a finding of guilt, it need have only a *tenden-*

2. *Id.,* at 1218 (citations omitted).

3. *Blau v. United States,* 340 U.S. 159, 161, 71 S.Ct. 223, 224, 95 L.Ed. 170, 172 (1950).

4. *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118, 1124 (1951).

*cy* to incriminate,[5] though the possibility of self-incrimination must not be "remote and speculative."[6] As the Court said in *Kastigar v. United States:* the fifth amendment privilege "protects against any disclosures which the witness reasonably believes *could be used* in a criminal prosecution...."[7]

■ When applying the test, the court must give due regard to the policy considerations that underlie the fifth amendment guarantee. These include protection of the innocent from unwarranted conviction.[8] A third-party witness in the position of either Lynn or Terrell, indicted or under investigation because of the alleged untruth of prior statements that relate directly to the substance of their prospective testimony, has many of the concerns of a defendant who is assessing the question whether he should testify in his own defense. As the Supreme Court noted in *Wilson v. United States,*[9] "Excessive timidity, nervousness when facing others and attempting to explain transactions of a suspicious character, and offenses charged against him, will often confuse and embarrass [a defendant who might testify in his own defense]." Such emotional factors might betray the witness into giving answers that are inconsistent with his prior statements and thus tend to incriminate him for the falsity of those prior statements, even though the witness is consciously attempting to be truthful and had the same intention when he gave his earlier statements or testimony. While he need not be directly concerned about his performance before *this* jury, he must be concerned about providing ammunition to the government if his own trial or indictment is imminent.

The defendants' analysis is simplistic for another reason: it fails to consider the possibility that the witness may have another justification supporting his assertion of the privilege besides that of revealing prior perjury. Perhaps the witness committed some other offense connected with the same events. He might then be justly concerned that the questioning at the present trial, either in direct or cross-examination, might, if the privilege were not invoked, range into matters other than those covered in the prior testimony or statement. In such a case his answers might, of course, be incriminatory.

■ Considering the Supreme Court's analysis of the fifth amendment and the policy considerations underlying it, the district court properly upheld both Terrell's and Lynn's assertion of the privilege. The United States attorney had already sought an indictment of Terrell for his statements concerning the subject matter of his prospective testimony. Lynn had been told that, if he repeated his earlier statements under oath, he likewise would be indicted. If Lynn had testified at the defendants' trial in conformance with his prior statements to government agents he might have added a perjury count to the possible indictment for obstruction of justice. Using the test outlined by the Court in *Kastigar,* such testimony "could be used in a criminal prosecution."[10]

■ Finally, we are mindful that the trial "judge necessarily is accorded broad discretion in determining the merits of a claimed privilege and the measures to be taken as result of a valid fifth amendment

---

**5.** *See* McCormick's Handbook of the Law of Evidence § 138, at 292 (E. Cleary 2d ed. 1972).

**6.** *Zicarelli v. New Jersey State Comm'n of Investigation,* 406 U.S. 472, 478, 92 S.Ct. 1670, 1675, 32 L.Ed.2d 234, 239 (1972).

**7.** 406 U.S. 441, 444–45, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212, 217 (1972).

**8.** *See Wilson v. United States,* 149 U.S. 60, 13 S.Ct. 765, 37 L.Ed. 650 (1893). *See also* McCor-

mick's Handbook of the Law of Evidence § 118, at 252 (E. Cleary 2d ed. 1972); 8 Wigmore on Evidence § 2251, at 310 (McNaughton rev. 1961). *But see* 8 Wigmore on Evidence § 2251, at 311 n. 3(1) (McNaughton rev. 1961).

**9.** 149 U.S. 60, 66, 13 S.Ct. 765, 766, 37 L.Ed. 650, 652 (1893).

**10.** *See also United States v. Zirpolo,* 704 F.2d 23, 25 (1st Cir.), *cert. denied,* 464 U.S. 822, 104 S.Ct. 87, 78 L.Ed.2d 96 (1983).

claim."[11]  The judge must weigh "the implications of the question, in the setting in which it is asked."[12]  Here the trial court had ample justification for permitting the witnesses to invoke the fifth amendment and we once again affirm its decision.

**11.** *United States v. Lyons,* 703 F.2d 815, 818 (5th Cir.1983) (cases cited therein); *United States v. Van DeVeer,* 577 F.2d 1016, 1017 (5th Cir.1978).

**12.** *Hoffman,* 341 U.S. at 486, 71 S.Ct. at 818, 95 L.Ed.2d at 1124.